TOURTELOT v. FINKE.

(Circuit Court, S. D. Ohio, W. D. June 21, 1898.)

1. EXECUTORS—RESIDUARY LEGATEE.
   By the general law, the title of an executor to decedent's personal property is the same as that of an administrator; and, under a will whereby the residuum of the testator's personal property is bequeathed, the legatee does not take title to the specific goods, but only to their proceeds on distribution.

2. NATIONAL BANKS—ASSESSMENT OF STOCK—WHO ARE SHAREHOLDERS.
   An executrix, who is also the sole devisee and legatee under a will, does not acquire title to national bank stock constituting part of the estate,

so as to prevent the estate from being liable to an assessment made by the comptroller of the currency, merely by the fact of having paid or secured all the debts owing by decedent, the estate still remaining unsettled.

This was an action by E. C. Tourtelot, receiver of the Second National Bank of Grand Forks, N. D., against Catherine M. Finke, executrix of the estate of John B. Finke, to recover an assessment on certain shares of the bank's stock which belonged to John B. Finke in his lifetime. The case was heard on demurrer to the complaint.

Craighead & Craighead, for plaintiff.
Oscar F. Davisson, for defendant.

SEVERENS, District Judge. The plaintiff in this suit, who is the receiver of an insolvent national bank, sued the defendant, as executrix of the estate of John B. Finke, to recover an assessment on certain stock of said bank, which he held in his lifetime, said assessment having been found necessary in liquidation of the affairs of the bank for the purpose of paying its debts. John B. Finke died two years or more before the failure of the bank, having left a will, wherein he made his wife, Catherine M. Finke, his sole devisee and legatee, subject, of course, to the payment of his debts, and made her the executrix of his will. The will was probated, and Catherine M. Finke was confirmed as executrix, qualified, and entered upon the discharge of her duties as such. By the second paragraph of her answer, she sets up in defense the matters above recited, and states that, upon having qualified as executrix, she at once entered upon, and has ever since been, and is now, discharging, the duties of said trust; that she duly elected to take under the will of her said husband, according to the law of the state of Ohio, instead of standing on her rights under the law of that state as the widow of the deceased; and that she took possession of the assets of the estate, converted them into money, and paid the debts of the estate,—that is to say, as must be inferred from that which next follows, she converted some of the assets into money, and paid the debts, for she further proceeds to state that she is now the "owner and holder, and entitled to, and in possession of, all the assets belonging to the estate of the said John B. Finke not heretofore disposed of by her; and that she is now, and was at the time of the appointment of the receiver of the Second National Bank of Grand Forks, N. D., and before said bank became insolvent, the owner and holder of the twenty-five shares of stock formerly owned by the said John B. Finke; and that all the indebtedness of the said estate not secured by mortgage on real estate was paid or secured to be paid by her long prior to the appointment of plaintiff as receiver." The plaintiff demurs to this paragraph of the answer, insisting that it does not set up a valid defense.

The decisive question in the case is: Who was the owner of this bank stock at the date of the failure of the bank and the order of the comptroller putting it in the course of liquidation? It is urged for the defendant by her counsel that, upon the facts stated in this paragraph of the answer, Mrs. Finke was the owner of it in her own

right, and that it was not then a part of the assets of the estate. On the other hand, for the plaintiff it is claimed that it is affirmatively shown that this bank stock was part of the estate of John B. Finke, and went into the hands of the executrix as such, and that the facts stated in the second paragraph of the answer do not show that it has ever ceased to be a part of the assets of the estate; or, to put it in another way, that the facts stated do not show that the title to the property has ever been transferred from her as executrix to herself as owner in her own right. The question is one of some difficulty, and although it is probable such cases must have occurred, no reported case has been brought to the attention of the court, or has been found, in which such a question has been determined. The allegation in this paragraph that Mrs. Finke has become "the owner and holder of the twenty-five shares of stock formerly belonging to the said John B. Finke" is the allegation of a legal conclusion, and the question must be resolved upon the facts upon which this conclusion is based.

By the general law prevalent in this country, the title of an executor to the decedent's personal property is the same as that of an administrator; and, under a will whereby the residuum of the testator's personal property is bequeathed, the legatee does not take title to the specific goods, but only to their proceeds. Unless there is some specific provision in the will to the contrary, the executor takes and holds the personal property, and, in due course, converts it into money, and, upon the settlement of his accounts, the proceeds, if the debts have been paid, are ordered to be paid over to the legatee. The only difference between the distribution when ordered to be made of testate personal property and that which is not testate is that in the former case the will stands for the law in directing the probate court in respect of its order for the disposition of the property, while in the latter case the statute of the state is the guide of the court in the matter. The contention of the defendant involves the idea that it was competent for her, as executrix, to turn this stock over to herself as an individual, and thereby detach it from the assets of the estate; but it is difficult to see how upon any possible conception of the situation it was competent for her to do that. It should be observed, however, that there is no distinct allegation in the second paragraph of the answer that even this was done, and the most that can be said is that she claims that it is a legal consequence of the facts which are pleaded. In some of the states, in Massachusetts for example, there has long been statutory provision giving the right to a residuary devisee and legatee who has become executor to give bond for the payment of debts and legacies; and, by express provision of the statute, the executor is not required to return any inventory, or to present any list of debts or claims, or to settle any account. The bond takes the place of the property, and thereupon the title of the legatee or devisee becomes complete and perfect. But no such statute in the state of Ohio has been brought to my attention, and I suppose none exists. It is not stated in the paragraph of the answer under consideration that such bond was ever given,

nor does it appear that, at the time when the bank became insolvent, all the indebtedness of the estate had been paid; for there is an exception in the allegation of the answer in that particular, which states that at that time "all of the indebtedness of the said estate not secured by mortgage on real estate was paid or secured to be paid by this defendant." This exception admits that the indebtedness had not all in fact been paid. The substance of the paragraph, taken as a whole, shows that the 25 shares of stock came to the executrix as assets, have ever since continued in the same plight, and that the estate has not been settled. Possibly, it may be competent for the probate court, when such final settlement takes place, to turn over in specie any particular articles of personal property, instead of their proceeds; but it is useless to speculate how this may be, and in this instance it will not be important, the stock being worthless. Upon general grounds of equity, it would seem that, as between an executor and a residuary legatee, the liability upon shares of stock in a national bank which was contingent in the lifetime of the owner, but becomes fixed during the course of administration, should be charged upon the assets of the estate. The residuary legatee has not yet either the title, possession, or control of the estate. I am unable to see any solid ground on which the receiver could bring suit against the legatee. If he were to obtain judgment, it must then be competent to seize the property of the legatee; and all this may happen before it is certain whether he gets anything substantial by his legacy or not. It is not necessary to determine how the matter might stand if the bequest were of specific articles which had, under some order of the court, been turned over in the course of administration to the legatee; but where, as here, the bequest is not specific, but is only of the ultimate assets of the whole estate, I think that, for aught that is set up in the second paragraph of the answer, the suit is rightly brought. The demurrer will be sustained, and order may be entered accordingly.