## EARLE v. ROGERS et al.

(Circuit Court, E. D. Pennsylvania. December 11, 1900.)

No. 13, April Term, 1899.

NATIONAL BANKS—LIABILITY FOR ASSESSMENTS—CONSTRUCTION OF WILL.

> A testator directed by his will that a daughter's share in his estate should remain in the hands of his executors, and be invested by them, and the income paid to the daughter during her life, and at her death the part of the estate so "held in reserve" by the executors should revert to the general estate. The executors set apart as a portion of the daughter's share certain shares of stock in a national bank held by the testator, and caused the same to be transferred on the books of the bank to themselves as "trustees." *Held*, that the legal title to such shares devolved upon them as executors, and they had no power to devest themselves of such title by any transfer, and that an action to recover an assessment on the stock was properly brought against them as executors, and especially where the assessment was not made until after the daughter's death.

On Motions for Judgment Non Obstante Veredicto and for a New Trial.

Asa W. Waters and Charles Biddle, for plaintiff.
Henry T. Dechert, for defendants.

DALLAS, Circuit Judge. This action was brought to recover the amount due upon 10 shares of stock of an insolvent national bank under an assessment duly made by the comptroller of the currency. The plaintiff is the receiver of the bank, and the defendants are Talbot M. Rogers and Roland C. Rogers, executors of the will of Joseph T. Rogers, deceased. The defense is that the defendants should have been sued as trustees of Anna R. Ewing under the will of said Joseph T. Rogers, and not as executors. In other words, it is insisted that the liability sought to be enforced is that of a particular trust estate, and not of the testator's general estate. The shares in question stood in the name of the decedent at the time of his death, and it is necessarily conceded that when a stockholder in a national bank dies his administrator or executor ordinarily succeeds to his title to, rights in, and liability upon the shares which he held; but it is contended that this rule is not applicable in the present case, because the will of Joseph T. Rogers made a disposition of these shares, which, it is claimed, vested the title to them in the defendants, not as executors, but as trustees; and that they, in their capacity as executors, had in fact transferred them to themselves as "trustees." The use of the word "trustees" in making the trans-

fer above mentioned was sufficient notice to the creditors of the bank that the transferees were not owners of the stock in their own right; but it could not and did not determine for whom or for what estate they held it. Neither was the receiver concluded by it. Its only effect was to put him upon inquiry; and if on investigation it appeared that the title, notwithstanding the transfer, really remained in them as executors, the suit was properly brought against them as such. Consequently, we are brought to consider that portion of the will of Joseph T. Rogers which it is contended took these shares out of the estate which, as executors, the defendants had in charge. The clause relied upon is:

"That part of my estate which shall, on final settlement, be found to be coming to my daughter, Anna R. Ewing, to remain in the hands of my executors, to be invested in stocks, bonds, or lands, to the best advantage, for her benefit, she to draw the interest and dividends as long as she lives, and at her death this part of her estate held in reserve by my executors to revert back to my estate; she having only a life estate in what was held in reserve by my executors."

It is here expressly provided that the part of the testator's estate referred to should remain in the hands of the "executors,"—be "held in reserve" by them,—and that the daughter named would be entitled to the interest and dividends only. She was not given the right of possession and the legal title, but only the benefits to be derived from the payment of dividends; and these she was to receive, not through a trustee, but from the executors. The stock was to remain in their hands, and the legal title to it, which was devolved upon them as executors, they could not effectually transfer to themselves, or to any other persons, as trustees. Blackmore v. Woodward, 18 C. C. A. 57, 71 Fed. 321; Tourtelot v. Finke (C. C.) 87 Fed. 840. But even if the defendants could be said to have held this stock at any time as trustees, they certainly did not so hold it when the assessment of the comptroller was made on March 28, 1898; for Anna R. Ewing had died upon January 8, 1898, and then, if not before, they certainly held it as executors, and this by title which vested in them at the time of the testator's death, and which they cannot, in this action, repudiate or disclaim. The case does not materially differ from that which would have been presented if Joseph T. Rogers had been living, and had held the stock in his own name (Rev. St. § 5152), but subject to a legal obligation to pay over the dividends to Anna R. Ewing during her life; and it seems to me to be clear that in such case Joseph T. Rogers, and not the estate of Anna R. Ewing, would be liable upon an assessment made after her death. For the reasons I have indicated, I am of opinion that the defendants were rightly sued as executors, and therefore the defendants' motions for judgment non obstante verdicto and for a new trial are denied.