BROBSTON & Co. *et al. v.* DOWNING, and *vice versa.*
BROBSTON & Co. *et al. v.* THE CHATHAM BANK.

BLECKLEY, C. J.—1. With or without a clause in the charter restricting the personal statutory liability of stockholders to the amount of stock at its par value at the time the debt in question was created,. the liability exists and continues for any debt incurred by the corporation at any time until the stockholder who claims to be exempt. by reason of having sold and transferred his stock before the debt was created has given notice of such sale conformably to section 1496 of the code.  LUMPKIN, J., concurring *dubitante.*
2. Where the personal statutory liability of the stockholders of a corporation is to be apportioned amongst all according to the relative amount of stock owned severally by each, and where the corporation is insolvent and has no assets applicable to the payment of its. unsecured creditors, one or more of these creditors may bring suit, in behalf of themselves and all others who may chose to come in and be made parties, against all of the stockholders to enforce their· statutory liability and apportion the amount which each should contribute to discharge the claims of the various creditors.   That. some of the stockholders are dead and their estates unrepresented, and some cannot be found within the jurisdiction of the court, is a sufficient reason for omitting them from the suit as parties defendant.
3. On the facts alleged in the petition, the suit could be maintained without first reducing the claims of the creditors to judgment against the corporation, there being no corporate assets in excess. of the claims in favor of secured or preferred creditors.   And the fact that the assets have been seized in another suit which is still pending, and are in the hands of a receiver, is no obstacle to the present proceeding.
*Judgment reversed on main bill of exceptions in each case; on cross-bill, affirmed.*

October 22, 1894.

Equitable petition.   Before Judge SWEAT.   Glynn superior court.   May term, 1894.

Brobston & Company and several others, suing as depositors and as creditors of the Brunswick State Bank, for themselves and all other creditors of said bank who

might come in and make themselves parties to the petition, were the plaintiffs in the petition, which was brought April 9, 1894. The defendants were C. Downing, the Chatham Bank of Savannah, Ga., and various others, who were sued as stockholders of the Brunswick State Bank. The petition as amended was demurred to by Downing and others. The fifth ground of this demurrer was sustained, and plaintiffs excepted. By cross-bill, Downing excepted upon the ground that the court should have sustained the other grounds of his demurrer. The petition alleged: The Brunswick State Bank is indebted to petitioners in the sums set opposite their names, upon cash deposits. As a corporation, incorporated under an act of the legislature, approved October 11, 1889, it was organized and commenced the banking business in Brunswick upon a capital authorized by the act of incorporation, of $50,000 divided into shares of $100 each, and continued said banking business from its organization to May 25, 1893, when it closed its doors, suspended business, refused payment of any and all of its indebtedness, and has from that date never resumed business or paid any of its obligations. After the bank so closed its doors and ceased to do business, a petition was filed against it by the Brunswick Terminal Company and others, under which injunction was granted and a permanent receiver for the bank appointed, and since his appointment its assets have been in his possession, and at the hearing for the appointment of receiver and grant of injunction, by its counsel it admitted in open court its insolvency. The record in said cause is voluminous, and the proceedings therein are only referred to for the purpose of showing the facts above stated; hence petitioners do not attach a copy of said petition as an exhibit, but pray leave of reference to said record. The total indebtedness of the bank is $142,767.33, its nominal assets amount to $163,208.68, and the actual

value of its assets is not exceeding $50,000. The bank is and was a State depository, the State having by law a first lien upon all its property; and the county treasurer of Glynn county, the Louisville Banking Company and the Brunswick Terminal Company (in the suit heretofore referred to) assert preferred claims, second only in liens to that of the State, for the entire amount of the indebtedness of the bank to them in the sums respectively of $1,500, $3,000 and $7,000, or other large sums, and the terminal company claims an additional sum of $3,000 due it as a general depositor. Each of petitioners, other than the terminal company, is a general depositor without preferred lien or claim. By the act of incorporation of the bank it is provided, that the corporation shall be responsible to its creditors to the extent of its property, and the stockholders in addition thereto shall be individually liable, equally and ratably, and not one for another as sureties, to creditors of said corporation, for all contracts and debts of said corporation, to the extent of the amount of their stock therein at the par value thereof respectively at the time the debt was created, in addition to the amount invested in such shares. The following amounts of stock of said corporation were issued to the following parties, the total issue being 1,954 shares: (The petition then proceeds to give the names of the parties and the number of shares of stock issued to each, among others being the name of Downing for ten shares, and the Chatham Bank of Savannah for twenty shares. Of the persons whose names were given as having been original stockholders, several are alleged to be now dead, the administrators or executors upon whose estates being unknown to petitioners, and when discovered, they pray to make such representatives parties.) The eighth paragraph of the petition was as follows: Said issue of 1,954 shares is 1,454 shares in excess of the total capital stock authorized to

be issued. Petitioners are unable, from any record of stock transactions in the bank, to discover what proportion of stock was, at the date of suspension and closing of the bank, authorized to participate in its corporate affairs as stockholders, and how many of said shares of stock had been transferred by the parties named in the last paragraph; but they aver that no one of said shares, if transferred, was transferred according to law, in such manner as to relieve any of the parties to whom such shares were issued from their liability as creditors of the bank, under the section of its charter heretofore referred to; and that each and all of said stockholders are liable under said section to its creditors to an amount equal to the par value of their shares, and were so liable when the claims of petitioners against the bank were created and became an indebtedness of the bank, and when all the indebtedness of the bank was created. The petition further alleged: The bank is totally insolvent. When it closed its doors it had but $388.05 in cash in its vault to meet the demands of its depositors and other creditors, the deposits therein subject to check at that time amounting to $104,595.99. Its total assets will not realize more than enough to pay the claim of the State, which amounts to $30,522.96, and the expenses of the litigation in the petition of the terminal company against it, above referred to. Wherefore petitioners pray, that an accounting be had in this cause, and the equal and ratable liability of each and all the stockholders named above be ascertained, and that petitioners for themselves and all creditors of the bank have judgment against each and all the stockholders named, for the equal and ratable share of the amount due creditors of said bank.

By amendment petitioners alleged the date at which each of said stockholders became a shareholder; and further alleged, that certain of said shareholders had

not transferred their stock, that the shares of certain others were subsequently transferred, but to whom and at what dates the books of the bank did not show, and which was unknown to petitioners, and that certain others at dates mentioned transferred shares to certain numbers to persons named. As to Downing the allegation was, that he became a shareholder to the extent of ten shares on January 22, 1890, and the same were subsequently transferred to F. E. Cunningham on August 25, 1890; and as to the Chatham bank, that on September 3, 1891, it became the holder of twenty shares which on March 30, 1892, were transferred to Lloyd & Adams. Petitioners have diligently sought for information from the records of the bank; and the foregoing is the best information that can be had. In all cases where transfers are alluded to, the same were made without complying with section 1496 of the code, and said parties are liable and remain stockholders as to third parties; and as to these creditors and all other parties who may join with them, said parties are, since the date of becoming shareholders in the bank and up to this date, stockholders therein and liable as such. Plaintiffs attach a copy of the account of each of them with the bank, giving dates of deposit, interest, amounts deposited, amounts withdrawn with dates of withdrawals, and balances.

The demurrer of Downing *et al.* was upon the following grounds : (1) No proper parties plaintiff. (2) No such community of interest between the plaintiffs as would enable them to maintain a joint action against said defendants. (3) No such privity of contract between plaintiffs and defendants as would enable plaintiffs to maintain their action. (4) No such community of interest in the subject of the suit as between the several defendants, as would entitle plaintiffs to join them therein; nor are all of said alleged stockholders who would be

jointly liable with these defendants, according to plaintiffs' petition, made parties defendant to the suit.    (5) The declaration is insufficient in law, and alleges no such facts as would entitle plaintiffs to recover.    (6) It appears from the face of the declaration that said cause of action, if any, is vested in the receiver of this court, as in the petition stated, and not in the several parties who appear as plaintiffs.    (7) No action can be maintained in the premises by plaintiffs, either individually or collectively, until final decree making distribution of the assets of the corporation to such persons as may be, under such final decree, entitled thereto.    (8) The declaration does not allege how, wherein, nor in what manner they are responsible to plaintiffs, or either of them, as stockholders of the corporation, nor at what time the debts of the several plaintiffs were incurred, nor what particular shares of stock were issued to these defendants or either of them, nor how nor wherein their possession of said shares so alleged to be held by them creates a liability as against them in favor of either of the plaintiffs.    (9) It appears by the petition, that there is another suit pending in the superior court of said county, instituted prior to the filing of said petition, to determine the liability of the bank to the petitioners and its other creditors, and the value of its assets, in which prior suit a receiver was appointed, who now has in his hands the assets of said bank, and is administering the same under the order of said court for the benefit of the creditors of the bank; and until said suit is disposed of, the petition of plaintiffs will not lie against these defendants.

The Chatham Bank also demurred to the petition, and the demurrer was sustained on the ground that the petition as amended failed to show any cause of action against said bank.    The grounds of this demurrer were, that the Brunswick State Bank is a necessary party de-

fendant; that the legal representatives of the stockholders alleged to be dead are necessary parties, and should be made parties before this defendant can be required to answer or plead further; that petitioners have not plainly, fully and distinctly set forth their respective causes of action, in this: each of them alleges himself to be a creditor of the bank in the sum set opposite his name, respectively, upon cash deposit, but nowhere in the petition does it appear when they made said cash deposits, or how much of the amounts thus stated were deposited at any specified time, nor is there any itemized bill of particulars showing the account of each of petitioners with said bank; that none of petitioners give the dates, respectively, at which their debt was created, nor do they allege in the petition that this defendant was a stockholder of the bank when said debt or the debts of either of them were created; that the allegations in paragraph eight of the petition are indefinite, uncertain and ambiguous, and it is impossible to tell therefrom to what extent said shares of stock, and especially the shares alleged to be owned by this defendant, are sought to be held liable, or what number of stockholders, or the number of shares, or the time when they were liable; there is no allegation as to the time of transfer of any such shares, and said paragraph recites conclusions and inferences but does not state facts; and that the petition cannot be maintained independently of the pending suit under which the Brunswick State Bank was placed in the hands of a receiver, the purpose of which is to marshal the assets and debts of said bank.

GOODYEAR & KAY, for plaintiffs.　ATKINSON, DUNWODY & ATKINSON and LESTER & RAVENEL, for defendants.