CHATHAM BANK *v.* BROBSTON & CO. *et al.*

HULL & LATHROP *v.* BROBSTON & CO. *et al.*

ISAAC *v.* BROBSTON & CO. *et al.*

<div style="float:right">

| 99 | 801 |
|----|-----|
| 110 | 898 |

| 99 | 801 |
|----|-----|
| 0125 | 719 |

</div>

1. The decisions of this court in the cases of *Brobston & Co. et al.*
   v. *Downing,* and *vice versa,* and *Brobston & Co. et al.* v. *The Chat-
   ham Bank,* 95 *Ga.* 505, upon a review thereof, are affirmed.

.2. Where the charter of a bank imposes on all of its stockholders
   personal liability to its creditors, such liability attaches as well
   to those who acquire a complete legal title to stock of the bank
   by having the same transferred to them as collateral security for
   debts due by the transferrers, as to those who purchase such
   stock outright.

.3. Under the charter of the Brunswick State Bank, and the general
   rules of law applicable thereto, a stockholder is individually lia-
   ble for his *pro rata* part of the corporation debts created before
   he acquired his shares of stock by transfer, as well as for a like
   part of those created during his ownership of the shares.

4. 'A stockholder in that bank is also liable to the same extent
   upon debts of the corporation created after he transferred his
   shares, unless he gave notice of the transfer, as prescribed in
   section 1496 of the code.

.5. But as the charter limits the individual liability of all the stock-
   holders to their stock and an equal amount of money in addi-
   tion thereto, and as the whole stock was only fifty thousand dol-
   lars, creditors cannot collect more than fifty thousand dollars
   from all, nor from any one more than his "equal and ratable"
   part of that amount, according to the number of shares of stock
   on which his liability rests.

.6. A necessary consequence of the limit above referred to is, that
   where two or more successive owners of the same shares are
   alike liable, one of them because he owns the shares now, and
   another, or others, because of past ownership, and failure upon
   transferring to give the notice prescribed in the above cited sec-
   tion of the code, the creditors, though entitled to recover sever-
   ally against each, as though the liability were wholly his own,
   and the other or others were not liable, can have but one satis-
   faction, and this being had, it will operate as satisfaction as to
   all, save in respect to costs.

7. As to locating the burden amongst the successive owners them-
   selves, apparently the general rule of right would be, that the
   last would be first, and the first last; that is, the loss should fall
   ultimately upon the successive owners in the inverse order of

51

their ownership in point of time. Of course special facts, such as transfer for security only, &c., &c., might dictate a different order, according to actual equities in the given instance.

8. The court below, in making up its judgment, did not conform to some of the principles above laid down, and this, in the absence of a special direction by this court, would require a reversal of that judgment; but inasmuch as the defendants in error were satisfied therewith, and another trial might, because of the insolvency of some of the defendants in the court below, subject their codefendants, the present plaintiffs in error, to greater liability than that already adjudged against them, this court, in each of these cases, has so framed its judgment as to allow the judgment of the court below, on certain specified conditions, to stand affirmed.

*Gober, J.*, concurring.—As an open question, I would hold that the decisions of this court in the case of *Brobston & Co. et al.* v. *Downing*, and *vice versa*, and *Brobston & Co. et al.* v. *The Chatham Bank*, so far as announced in the first head-note (95 *Ga.* 505), are erroneous, as fixing upon certain stockholders of the Brunswick State Bank a rule of liability at variance with the provisions of its charter, and therefore ought to be overruled; but inasmuch as a majority of the court are of the opinion that those decisions are correct and should be affirmed, I concur in the present judgments as rendered.

Argued July 13, and December 3, 1896. Decided February 15, 1897, by SIMMONS, Chief Justice; LUMPKIN, Associate Justice; and GOBER, Judge, presiding in place of ATKINSON, Justice, disqualified.

Equitable petition. Before Judge Sweat. Glynn superior court. December term, 1895.

*Lester & Ravenel, Lawton & Cunningham* and *Johnson & Krauss*, for plaintiffs in error.

*Goodyear & Kay, J. M. Calnan, Jr., F. E. Twitty, Atkinson & Dunwody, Symmes & Bennet, Crovatt & Whitfield, W. G. Brantley, I. E. Smith, G. M. Monk* and *E. Dart*, contra.

LUMPKIN, Justice, and GOBER, Judge.

The 9th section of the charter of the Brunswick State Bank declares, "That said corporation shall be responsible to its creditors to the extent of its property and assets, and the stockholders, in addition thereto, shall be individually liable, equally and ratably, and not one for another as sure-

ties, to the creditors of such corporation, for all contracts and debts of said corporation, to the extent of the amount of their stock therein, at the par value thereof, respectively, at the time the debt was created, in addition to the amount invested in such shares." Section 1496 of the code of 1882 reads as follows: "When a stockholder in any bank or other corporation is individually liable under the charter, and shall transfer his stock, he shall be exempt from such liability, unless he receives a written notice from a creditor, within six months after such transfer, of his intention to hold him liable: *Provided*, he shall give notice once a month, for six months, of such transfer, immediately thereafter, in two newspapers in or nearest the place where such institution shall keep its principal office."

In the cases of *Brobston & Co. et al.* v. *Downing*, and *Same* v. *The Chatham Bank*, 95 *Ga.* 505, this court in effect decided that a stockholder in this bank was individually liable for his *pro rata* part of the debts of the corporation created before he became a stockholder, as well as for a like proportion of the indebtedness incurred by it while he held his stock. This decision controls the present cases. Upon a review of it, duly allowed, Chief Justice Simmons and Justice Lumpkin are of the opinion that it should be affirmed; and Judge Gober, being thus bound by it, of necessity concurs in the judgments now rendered. He is nevertheless of the opinion that in dealing with the cases reported in 95 *Ga.*, *supra*, the court, in so far as it held that a stockholder of this bank could be made liable for any debt created by it before he actually became a stockholder, misconstrued that portion of the bank's charter which is quoted above. If free to do so, he would hold that, under the language just referred to, the individual liability of a stockholder of this corporation is limited to such debts only as were contracted during the time he was an owner of stock and up to the date when, relatively to such liability, he legally severed his connection with the corporation. We all

agree that any such owner, although he may have transferred his stock, would still be bound, under the above cited section of the code, for whatever liability the charter fixed upon him, unless he gave the notice provided for by that section.

In 1894, an act was passed by the General Assembly which materially modifies the law bearing upon this subject, in that it dispenses with any necessity for a stockholder, upon transferring his stock, to publish notice of the fact in order to be discharged from liability. That act declares that "whenever a stockholder in any bank or other corporation is individually liable under the charter, and shall transfer his stock, he shall be exempt from such liability by such transfer, unless such bank or other corporation shall fail within six months from the date of such transfer." Acts of 1894, p. 76; Civil Code, §1888. In view of the radical change thus made in the law, the difference of opinion which exists between the majority and the minority of the court as constituted for the hearing of the cases now in hand is, apparently, of but little practical importance, save as affecting the result of the present litigation. If another case should arise the decision of which would depend upon the question as to which we disagree, the whole matter would still be open to review by a bench of six justices. Accordingly, we have agreed among ourselves to let the present decision stand upon the head-notes as announced, with the foregoing explanation of our reasons for not entering upon a discussion as to what should be the proper construction of the bank charter now under consideration.

*Judgment in each case affirmed on conditions.*