### 9311. ALEXANDER, receiver, *v.* DEVER.

One holding stock in an insolvent bank, as life-tenant under the will of the original subscriber, transferred to her by the executors of the estate, is individually liable in an amount equal to the face value of the stock, in a suit brought by the receiver of the bank for the benefit of the depositors, under the provisions of the Civil Code (1910), § 2270.

         DECIDED APRIL 11, 1918.

Complaint; from Richmond superior court—Judge H. C. Hammond. October 8, 1917.

Alexander, as receiver of the Irish-American Bank, brought suit against Ellen Dever, to collect from her as a stockholder of the bank an amount equal to the face or par value of the shares of its stock owned and held by her at the time of its failure. The petition alleged that the said shares were subscribed for by James Dever, and by his will were bequeathed to Ellen Dever, and that they were delivered to her by the executors of the will; that she

was a life-tenant under the will, and the stock was held by her as such life-tenant. When the case came on for trial she moved to dismiss the suit, on the ground that the petition showed no cause of action against her. The court sustained the motion and dismissed the suit, and the plaintiff excepted.

*Archibald Blackshear,* for plaintiff.

*D. G. Fogarty,* for defendant.

HARWELL, J. The trial judge, in dismissing the petition, no doubt based his ruling upon the decision of this court in the case of *Swicord* v. *Crawford,* 20 *Ga. App.* 35 (92 S. E. 394). The Supreme Court, on certiorari, reversed that decision (147 *Ga.* 548), and held that "Stockholders in a bank incorporated under the laws of this State since the passage of the act of 1893, whether original subscribers, or purchasers of stock from the corporation, or transferees of such stockholders, are individually liable equally and ratably (and not one for another as sureties) to depositors of said corporation for all moneys deposited therein, in an amount equal to the face value of their respective shares of stock."

The petition in the instant case set out a cause of action. The fact that the defendant is holding the stock as a life-tenant of the original subscriber, James Dever, will not relieve her from liability. It is alleged that the executors have delivered the stock to her under a deed or bill of sale, and that she is now the holder of said stock.

The language of the Federal statute (Rev. St. §§ 5151-2, U. S. Comp. St. 1916, § 9690), fixing the liability of shareholders of every national banking association, is very similar to that in the code of this State (Civil Code of 1910, § 2270). The Supreme Court of the United States has construed the Federal statute, and the following decisions are in point in the instant case. "The widow and heirs of a shareholder in the national bank, to whom the probate court allots the shares of stock in indivision, proportioned to their interest in the estate, but who let the stock stand in the name of the deceased, without any notice of their title to it, are liable . . to assessments on the stock in case the bank subsequently becomes insolvent." *Matteson* v. *Dent,* 176 U. S. 521 (20 Sup. Ct. 419, 44 L. ed 571). "On the death of a stockholder, this liability passes immediately to his estate, and would do so even were it not for paragraph 5152 of the Revised Statutes. This is not by virtue

of any new contract, as the liability rests on the stock and is a part of the contingent liability of the estate." Parker v. Robinson, 71 Fed. 256 (18 C. C. A. 36); Tourtelot v. Finke, 87 Fed. 840. "The beneficiaries of stock held in trust by a trustee are subject to the stockholders' liability." Smathers v. Western Carolina Bank, 155 N. C. 283 (71 S. E. 345, Ann. Cas. 1912C, 398); Witters v. Sowles, 32 Fed. 767. "M. bequeathed to his wife, for life or widowhood, forty shares of stock in the national bank, together with other personal property, providing she might use any of such personal property, if necessary, for her comfortable support, and that at her death or marriage whatever should remain of such property should go in equal shares to his four children. The administrator with the will annexed, of M.'s estate, transferred the stock on the books of the bank to M.'s widow. The bank having become insolvent and an assessment having been made by the comptroller on the shareholders, for which a judgment was obtained against M.'s widow, which remained unsatisfied, the receiver of the bank brought suit against M.'s administrator to compel payment . . out of M.'s general estate. *Held,* that, whether the widow took an absolute title to the stock by virtue of her power of disposal, or a life-interest with remainder to the children, the beneficial ownership of the stock in either case had passed from M's estate, and his estate could not be made liable for the assessment. *Held* further, that the administrator properly transferred the stock to the widow, and was not required to hold the legal title thereto as administrator or trustee during her life or widowhood, but that such transfer made no difference to the liability of the estate of M., since the beneficial interest would in either case have been in the widow and children." Blackmore v. Woodward, 71 Fed. 321 (18 C. C. A. 57). See also Christopher v. Norvell, 201 U. S. 215 (26 Sup. Ct. 502, 50 L. ed. 732, 5 Ann. Cas. 740); *Chatham Bank* v. *Brobston,* 99 *Ga.* 801 (27 S. E. 790), where it is said: "Where the charter of the bank imposes on all of its stockholders personal liability to its creditors, such liability attaches as well to those who acquire a complete legal title to the stock of the bank by having the same transferred to them as collateral security for debts due by the transferrers, as to those who purchase stock outright. . . A stockholder is individually liable for his pro rata part of the corporation debts created before he acquired his shares of stock by trans-

fer, as well as for a like part of those created during his owner-
ship of the shares."

The court erred in dismissing the petition.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*