20606. MOBLEY, superintendent of banks, v. MACON NATIONAL BANK.

BROYLES, C. J. 1. Where stock of a bank is pledged to a creditor as collateral security, the real owner of the stock is the pledgor, and not the pledgee. The legal title is in the pledgor, and the pledgee has merely a lien thereon, or the right of possession until his debt is paid. See, in this connection, Park's Code, Vol. 2, § 3532; *Ullman* v. *Brunswick Title Co.*, 96 *Ga.* 625, 629 (24 S. E. 409). The decisions in *Chatham Bank* v. *Brobston*, 99 *Ga.* 801 (27 S. E. 790), and *Bennett* v. *American Bank & Trust Co.*, 162 *Ga.* 718, 727 (134 S. E. 781), relied on by counsel for the plaintiff in error, were based upon the fact that in each of those cases *the pledgee creditor* was *the record stockholder* and, therefore, under the Georgia statute, which made the person whose name appears on the books of the bank as the stockholder primarily liable, was liable on the assessment. Any ruling in those cases that a mere pledgee creditor, holding bank stock as collateral security, thereby became the real or legal owner of the stock, was obiter dictum, and is not binding on this court.

2. Where stock of a State bank is pledged by the record owner to a creditor as collateral security, and is so held by the creditor at the time of the failure of the bank, and where the stock had not been transferred to the creditor on the books of the bank, and where the creditor had made no attempt to have it so transferred and where the books of the bank fail to disclose any interest in or ownership of the stock in the creditor, and where the creditor actually has no interest in the stock except that of pledgee, the pledgee creditor is not liable on an assessment against the stockholders of the bank made by the superintendent of banks. See, in this connection, Ga. L. 1919, p. 190 (8 Park's Code

Supp., § 2279 (d); Robinson *v.* Sou. National Bank, 180 U. S. 295 (21 Sup. Ct. 383, 45 L. ed. 536); Pauly *v.* State Loan Co., 165 U. S. 606 (17 Sup. Ct. 465, 41 L. ed. 844).

3. Under the other facts of the case, the alleged settlement by the defendant in error with the administratrix did not vest the real ownership of the stock in the defendant in error. That party continued to hold it merely as collateral security.

4. Under the above-stated rulings, the court properly sustained the defendant's oral motion to dismiss the amended petition, on the ground that it failed to set out a cause of action.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 7, 1930.

*Park & Strozier,* for plaintiff.

*Jones, Jones, Johnston & Russell,* for defendant.