JOHNSON *v.* THE STATE.

*Drennan & Brannon* and *John D. Humphries,* for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall,* and *J. Walter Le-Craw,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ∎ The first count of the indictment, omitting formal parts, was as follows: "Having been entrusted by J. C. Davis with five hundred dollars in money, of the value of $500 and the property of J. C. Davis and Lois Davis, for the purpose of purchasing for the said J. C. Davis and Lois Davis, lumber, doors, flooring, and interior-trim millwork to be used in the construction of a house being built on the property of the said J. C. Davis and Lois Davis, located on Hortense Place, N. W., said county, did after having been so entrusted, wrongfully, fraudulently, and feloniously convert the said money to his, the said accused's, own use."

This count is based on the Code, § 26-2809. It alleges that a stated sum of money was entrusted by the owner to the accused for a designated purpose, and that after being so entrusted the accused fraudulently converted the same to his own use. All of the essential elements to constitute a violation of this section are alleged, and a general demurrer thereto was properly overruled. *Keys v. State,* 112 *Ga.* 392 (1) (37 S. E. 762, 81 Am. St. R. 63); *Brandt v. State,* 71 *Ga. App.* 221 (1) (30 S. E. 2d, 652).

Neither was the indictment subject to the various special demurrers: (1) that it is too vague, indefinite, and uncertain; (2) that the description of the property entrusted is too vague, or that the kind, size, and grade of lumber, doors, flooring, and

millwork should be specified; (3) that the property upon which the house was being built should have been described by land lot, district, and metes and bounds; and (4) that the contract under which the house was being built should have been alleged, and whether in parol or in writing. All of these present questions of evidence, which it is not necessary to plead.

■ Count two of the indictment was also based on the Code, § 26-2809. It alleged that the accused was entrusted with certain lumber describing the various pieces of lumber by its dimensions, the number of pieces of each, its value; and alleged that it was for the purpose of erecting a garage on described property of the bailor, and that the accused fraudulently converted the lumber. This count was not subject to general demurrer, or to either of the two grounds of special demurrer which are the same as heretofore dealt with as 3 and 4 in the first division of this opinion.

■ Count three is based on the act of 1941 (Ga. L. 1941, p. 480; Code, Ann. Supp., § 26-2812), to wit: "Any architect, landscape architect, engineer, contractor, subcontractor, or other person who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor or service performed on or, materials furnished by his order for this specific improvement, while any amount for which he may be or become liable for such labor, services, or materials remains unpaid shall be guilty of a felony and upon conviction shall be punished by imprisonment for not less than one year nor more than five years, or upon the recommendation of the jury, or in discretion of the trial judge, punished for a misdemeanor. A failure to pay for the material or labor so furnished shall be prima facie evidence of intent to defraud."

The indictment, excluding formal parts, was as follows: "Being then and there a contractor, did with intent to defraud J. C. Davis and Lois Davis, use one hundred forty-seven dollars in money, which was a portion of a payment made to accused on account of improving real property of J. C. Davis and Lois Davis, located at 708 Hortense Place, N. W., said county, for other purposes than to pay for materials and labor performed by his order for this improvement, while the amount of $147 due

to Paul E. Gable for electrical wiring—for which he was liable—remained unpaid."

The accused demurred generally to this count and also on the grounds that the act under which it is predicated is in violation of the thirteenth amendment of the Constitution of the United States, abolishing involuntary servitude (Code, § 1-813), and acts of Congress prohibiting same, and is in violation of the due-process clause of the fourteenth amendment of the Constitution of the United States (Code, § 1-815). It is asserted that it violates the thirteenth amendment by creating a presumption of guilt by the mere failure to pay for labor or materials, and that this presumption is arbitrary and denies a fair opportunity to repel the charge. As to the fourteenth amendment, it is claimed that the act amounts to a mere legislative fiat, attempting to take the place of a determination of facts.

On the constitutional questions, as to the violation of the thirteenth amendment, the accused relies upon the case of Taylor v. Georgia, 315 U. S. 25 (62 Sup. Ct. 415, 86 L. ed. 615), wherein a statute making it an offense to obtain money for services to be performed with intent not to perform them, and making proof of the contract, the obtaining of money thereon, and failure to perform the services contracted for or to return the money advanced, without good and sufficient cause, presumptive evidence of fraudulent intent, was held a violation of the thirteenth amendment. And as to the violation of the fourteenth amendment, the accused insists it is controlled by Manley v. State of Georgia, 279 U. S. 1 (49 Sup. Ct. 215, 73 L. ed. 575), wherein a statute was held unconstitutional which provided that every insolvency of a bank shall be deemed fraudulent, and that the president and directors shall be guilty of a felony; with a provision that the defendant may repel the presumption of fraud by showing that the affairs of the bank were fairly and legally administered by using the same care and diligence as agents receiving a commission for services are required to observe.

The act here in question creates a form of larceny after trust. It applies to transactions wherein payments are made for the purpose of improving real property. It provides that it shall be unlawful if, with intent to defraud, such funds are used otherwise than to pay for labor and material if there be any labor or

material cost unpaid. The object of the act was to make penal the conversion of funds delivered for the purpose of applying to labor and material cost, with a provision that there would be a conversion when such funds were otherwise used while there remained any unpaid labor or material cost.

The attack upon the act emanates from the last sentence, to wit, "A failure to pay for the material or labor so furnished shall be prima facie evidence of intent to defraud."

The act is not in conflict with the decision in the Taylor case, supra, nor in violation of the thirteenth amendment to the Federal Constitution, as there is no element of involuntary servitude involved.

Neither is it contrary to the ruling in the Manley case, supra, or in violation of the due-process clause of the fourteenth amendment. This act provides that, where payment to improve real estate is made, and there are unpaid amounts for labor and material, and the person receiving the payment, with intent to defraud, uses it for any other purpose, the crime is complete. The act then makes it prima facie evidence of intent to defraud to fail to pay for the material or labor. The intent to defraud is an essential element of the crime, and the provision making the failure to pay for labor or material prima facie evidence of intent to defraud is a rational connection between a proven fact and what is to be inferred therefrom and rests upon a definite basis. It is not an arbitrary presumption or legislative fiat. Neither is it a conclusive presumption, but a rebuttable one, as the way is left open to repel it by evidence either produced by the State or the accused. It was said in the Manley case, with citation of authority, that "State legislation, declaring that proof of one fact or a group of facts shall constitute prima facie evidence of the main or ultimate fact in issue, is valid if there is a rational connection between what is proved and what is to be inferred. If the presumption is not unreasonable and is not made conclusive of the rights of the person against whom raised, it does not constitute a denial of due process of law." See *Carter* v. *Lowry*, 169 *Ga*. 515 (151 S. E. 23), in which the act of 1924 (Ga. L. 1924, p. 194), known as the bad-check law, providing that certain acts "shall be prima facie evidence of intent to defraud," was held not in violation of the due-process clause of the four-

teenth amendment, and in which the Manley case was distinguished.

Neither was this count subject to general demurrer, or to the first ground of special demurrer, for not alleging how or in what manner J. C. Davis and Lois Davis were defrauded, or to the second ground of special demurrer, which was the same as set forth as ground number 3 in the first division of this opinion.

The accused having been acquitted on the fourth count, no questions as to the correctness of the rulings upon demurrers to this count are before this court.

■ The evidence was sufficient to authorize the verdict.

■ By the first ground of the amended motion it is contended that the court erred in a portion of the charge on count three of the indictment. The judge charged that, if a payment was made on account of improving real estate, and a portion thereof, to wit, $147, was due and unpaid to a named party for labor and material, a conviction would be authorized. The accused insists that this was error, and that there could be no conviction unless all of the payments so made had been used otherwise than to pay for labor or material. There is no error in the charge for the reason assigned.

Nor was it error in failing to charge, without a proper request, as set forth in the second and third grounds of the amended motion. The fourth ground of such motion is covered by the ruling in the third division of this opinion.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*