### 31964. GIBSON *v.* THE STATE.

DECIDED MAY 20, 1948. REHEARING DENIED JUNE 9, 1948.

*Limerick L. Odom, H. Alonzo Woods,* for plaintiff in error.
*Fred T. Lanier, Solicitor-General,* contra.

GARDNER, J. ■ The defendant abandoned the contract, leaving liens or potential liens both for material and labor against the property.

The court did not err in overruling the motion for a new trial for any reason assigned, on the general grounds.

■ ■We come next to the special grounds: First, it is alleged that the defendant amends the original motion in the following

particulars: "(a). The court should have charged the law·rela-·tive to misfortune relative to accident, etc., even in the absence. of ·a request to charge. [Citations of decisions].

"(b)· Documentary evidence was introduced, and by defend-·ant's statement, and other records in the case as shown by the records in this ·case, and same should have been charged by the· court even in the absence of a written request. [Citations of nu-·merous decisions]. There was only one defense upon. which was· [we?] relied, documentary evidence. [Citations of decisions]..

"(c) Terms of statute [citation of decision], and the law .on· the charge as to statements.

"(d) Theory raised solely by defendant's statement, and was only defense in the case, the court should have charged upon theory, and is error to grant new trial, though not requested.· [Citation of decision].

"(e) In order to constitute even embezzlement there must be. both a wrongful conversion and a fraudulent intent. [Citation· of decisions].

"(f) No breach·of trust have been shown. [Citation of de-·, cision].

"(g) Law embezzlement or misappropriation of funds does. not apply to real estate [citation of decision].· In this connection there has not been proven any. evil or criminal intent. :.. ·

"(h) A. person should not be convicted for a crime or misde-; meanor, where committed by misfortune or accident, and where; it satisfactorily appears that there was no evil design or culpable; neglect or criminal intent. [Citation of decision].

"(i) Defendant set up in his statement, and as a part sole· statement, and defense thereof, that had not there been a railroad· strike, that his obligations would have been met with, and that; even though prosecutor had already failed in his, that the failure; of materials was and had been .due to a R.R. strike, and made ·it· 'impossible for him to have completed his job. [Citation of de-cision].

"2. Judge may exercise his discretion when verdict decidedly' and strongly against verdict and evidence to support same; though there is some slight evidence in favor of finding. [Cita-·tion of decision].

"3. · Elements of offense: Where evidence was insufficient·to·

establish essential elements of offense charged, error to refuse new trial. [Citation of decision].

"4. Where evidence was sufficient to authorize conviction on only one account, or two accounts, court erred in refusing new trial. [Citation of decision]. The verdict without evidence to support it contrary to law. [Citation of decisions]. Duty of judge to grant new trial where evidence shows verdict was unjust so flagrantly as to shock the moral sense. In this connection court should not do otherwise than grant a new trial. [Citation of decision].

"5. Duty of judge to grant new trial where evidence shows verdict unjust and inequitable. [Citation of decision].

"6. Movant most respectfully submits that the venue in this case has not been sufficiently proven as required under the provisions of the contractor's law. [Citation of decisions]. But since there was no venue proven in this case, and the particular point is or was specifically raised in the motion for a new trial then the court should grant a new trial. Acts 1911, p. 149. Movant most respectfully submits, and points this honorable court's attention to the record herein referred to, and so insists. [Citation of decisions]."

We have set out the special grounds verbatim with the exception of decisions cited, for the reason that we desire to let them speak for themselves as to their merit. Generally speaking, most of them are mere arguments based on conclusions. None of them are complete within themselves. It is well established that a special ground in a motion for a new trial must be complete within itself. This court and the Supreme Court have repeatedly held that grounds of motions for a new trial not sufficiently complete within themselves, will not be passed upon. See the numerous decisions to this effect under the Code (Ann.), § 70-301, catchword "completeness," and the Supplement thereto.

Since in the amended grounds and in the brief of counsel for the defendant it is contended that the venue was not proven, we have studied the evidence carefully as to this contention. As to this point the jury were authorized to find that the contract was executed in Jenkins County, Georgia; that the building was to be erected in Millen, Jenkins County, Georgia; that the various checks given the defendant were headed Millen, Georgia, which

is in Jenkins County, and they were given on the Bank of Millen. We might state that we have read the evidence carefully and also the charge of the court. The charge of the court was fair, clear, and full as to every issue involved. None of the purported special grounds are meritorious, even if they were formally complete.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*