33545.   ALLISON *v.* THE STATE.

Decided June 5, 1951.

78

*W. F. Moore,* for plaintiff in error.

*Paul Webb, Solicitor-General, Guerry R. Thornton, Charlie O. Murphy,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ In construing the act upon which this indictment is based, the Supreme Court held, in *Johnson* v. *State,* 203 *Ga.* 147, 151 (45 S. E. 2d, 616) as follows: "The object of the act was to make penal the conversion of funds delivered for the purpose of applying to labor and material cost, with a provision that there would be a conversion when such funds were otherwise used while there remained any unpaid labor or material cost. . . The intent to defraud is an essential element of the crime, and the provision making the failure to pay for labor or material prima facie evidence of intent to defraud is a rational connection between a proven fact and what is to be inferred therefrom and rests upon a definite basis. It is not an arbitrary pre-

sumption or legislative fiat. Neither is it a conclusive presumption, but a rebuttable one, as the way is left open to repel it by evidence either produced by the State or the accused."

In order for the prima facie evidence of intent to defraud to apply, the evidence must show that the contractor received the money to be used in the improvement of the real property in question, and that he failed to pay for material or labor furnished for such improvement. The evidence is undisputed that the prosecutor paid to the defendant here the money specified under the terms of the contract which was to be applied toward the improvement of the home of the prosecutor. The evidence is also undisputed that the defendant failed to pay for certain material used in the improvement of the home under the terms of the contract. The presumption of intent to defraud therefore arises and the burden is on the defendant to account for the funds by showing that the entire sum was used for the payment of labor and material. Under the evidence here the jury was authorized to find that the defendant failed to rebut the presumption of fraud.

■ As pointed out by counsel for the State, the special grounds are incomplete within themselves, in that they require reference to the record, fail to set up the substance of the testimony and documentary evidence objected to or the fact of timely objection and grounds of objection urged. In consequence, they will not be passed upon by this court. See *Gibson* v. *State*, 77 *Ga. App.* 292 (48 S. E. 2d, 309) ; Code, § 70-301.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*