38925. MOORE v. THE STATE.

Decided June 30, 1961.

*Holcomb & McDuff, Frank D. Holcomb, Grubbs & Prosser,* for plaintiff in error.

*Luther C. Hames, Solicitor-General, Ben F. Smith, Assistant Solicitor-General,* contra.

JORDAN, Judge. The undisputed evidence in this case disclosed that the defendant entered into a contract with A. D. Campbell to construct a residence for Campbell; that he received from Campbell the sum of $15,988.90 to be used for the payment of labor and materials in the construction of the house in question, prior to his abandonment of construction; and that certain materialmen's liens were recorded against the property as a result of purchases made by Moore prior to the abandonment of construction in the amount of $3,814.03, which were later satisfied by Campbell. Campbell testified that in his best judgment a sum in excess of $5,000 was paid the defendant which was not used for the payment of costs incurred in the construction by the defendant. There was also introduced in evidence by the State a financial statement prepared by the defendant's attorney which showed the receipt of $15,988.90 by the defendant from Campbell and an itemized disbursement of $11,601.16, leaving a balance of $4,337.74 of the amount received which was not accounted for.

Under the rulings of the Supreme Court in *Johnson v. State,* 203 Ga. 147 (45 SE2d 616), and of this court in *Ramer v. State,* 76 Ga. App. 678 (47 SE2d 174), and *Allison v. State,* 84 Ga. App. 77 (65 SE2d 642), when these facts appeared, the burden of proof shifted to the defendant to account for the funds which he had received from the prosecutor, by showing that the entire sum was used for the payment of labor and material. While the defendant in his unsworn statement denied a statement, attributed to him by the prosecutor, to the effect that he had used these funds in the construction of another house, he did not deny that he had used the funds for purposes other than to pay for labor and material incurred in the construction of the house in question, and he in no wise attempted to account for the funds which he had received for these purposes.

Under these circumstances, the verdict rendered was demanded by the evidence; and the trial court did not err, accordingly, in denying the defendant's amended motion for a new trial.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*