### 45105. DAVIS v. THE STATE.

WHITMAN, Judge. This is an appeal by the defendant-appellant from the judgment of the Superior Court of Atkinson County entered February 19, 1969, denying his motion of that date to quash indictment numbers 1945, 1946, 1948 and 1949 in that court, certified for direct appeal on that date, and again certified for direct appeal on February 24, 1969. This motion was the second motion to quash and relates to the numbered indictments mentioned, on the ground that the defendant was put on trial in said court on an indictment numbered 1947 which resulted in a verdict of acquittal; and it is alleged in said motion that indictment number 1947 charged the defendant "with the same offense growing out of the same transaction, and to allow this defendant to be tried on the indictments referred to above

(being the other numbered indictments) would place him in double jeopardy in violation of the Constitution of this state and of the United States."

A former motion to quash was filed by the defendant on October 30, 1968, and related not only to indictments numbers 1945, 1946, 1948 and 1949, but also to indictments numbers 1944 and 1947, and this former motion was predicated on three grounds: (1) That the minutes of the court did not contain any order of the court appointing one Edward Parrish Solicitor pro tem. of the court and the indictments listed him as such, except indictment number 1944, which listed no one as solicitor; (2) that the prosecutor on said indictments was one Vickers Neugent, who was also solicitor general of the court and was also the solicitor general at the time the indictments were returned, and that he acted in his official capacity in prosecuting such indictments and appeared before the grand jury in such capacity and as prosecutor; and (3) that indictment number 1944 was void because it did not list anyone as prosecutor or solicitor. This first motion to quash was overruled by the court by order of date October 30, 1968, on each and every ground thereof except as to indictment number 1944, as to which indictment the motion was sustained and that indictment dismissed. No appeal was had from the order of the court denying the motion to quash of October 30, 1968; and, indeed, there could have then been no direct appeal therefrom because said order was not a final order, nor was such order certified for review. Moreover, said order of date October 30, 1968, is not now appealed from nor is it included in the enumeration of errors on the present appeal. The present enumeration of errors is as follows: "1. The trial court erred in overruling appellant's [defendant's] plea of former jeopardy to indictments number 1945, 1946, 1948, and 1949 in that court. 2. The trial court erred in denying defendant's motion to quash and dismiss indictments number 1945, 1946, 1947 [sic], 1948 and 1949."

All the indictments were found on February 20, 1968, and under date of May 21, 1968, the defendant as to each indictment waived formal arraignment, copy of indictment and list of witnesses, and entered separate pleas of not guilty thereon.

The defendant was tried under indictment number 1947, which indictment charged him with the offense of a felony "for that the said Herbert F. Davis on the 30th day of December in the year nineteen hundred and sixty-seven in the county and state aforesaid; then and there unlawfully and with force and arms being then and there a contractor, did with intent to defraud Vickers Neugent, use four thousand five hundred seventy-five and 90/100 (4575.90) dollars, in money which was a portion of a payment made to accused on account of improving real property of Vickers Neugent, described as being 11.478 acres, of Lot of Land Number 206, in the Sixth Land District of Atkinson County, Georgia, bounded on the west by U. S. Highway Number 441; bounded on the north by the original lot line of said lot; bounded on the east by lands of Jack W. Tanner; and bounded on the south by lands of R. Carlie Lastinger, Sr., for other purposes than to pay for materials furnished by his order for this improvement, while the amount of $4575.00 due to 5/8 Smith for materials, for which he was liable remained unpaid." The trial under indictment numbered 1947 resulted in a verdict of date October 31, 1968, finding the defendant not guilty. Transcript of evidence and proceedings on the trial on indictment number 1947 are a part of the record on this appeal.

Indictments Nos. 1945, 1946, 1948 and 1949 were in the same language as indictment No. 1947, with the exception that the amounts and names of the creditors to whom payments were to be made as set forth in the indictments, respectively, are as follows: Indictment 1945, $336 to Norman B. West for materials and labor; Indictment No. 1946, $1225 to O. E. Rivers for electrical wiring; Indictment No. 1948, $297.54 to Douglas Variety Works, Inc. for materials, and Indictment No. 1949, $1205.15 to Tolleson Lumber Company, Inc. for materials.

All of the indictments were predicated on and charged offenses in violation of *Code Ann.* § 26-2812 which provides: *"Using proceeds of payment on account of improvement of real property for other purposes.* Any architect, landscape architect, engineer, contractor, subcontractor, or other person who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property for any other pur-

pose than to pay for labor or service performed on or, materials furnished by his order for this specific improvement, while any amount for which he may be or become liable for such labor, services, or materials remains unpaid shall be guilty of a felony and upon conviction shall be punished by imprisonment for not less than one year nor more than five years, or upon the recommendation of the jury, or in discretion of the trial judge, punished for a misdemeanor. A failure to pay for the material or labor so furnished shall be prima facie evidence of intent to defraud."

The present case on its facts appears to be one of first impression insofar as decided cases of the appellate courts of this State are concerned. However, the case of *Johnson v. State,* 203 Ga. 147 (45 SE2d 616) appears to be controlling in principle. In that case there was an indictment containing three counts, the first two of which charged offenses under *Code* § 26-2809, dealing with "conversions by any other person." Count 3 of the indictment was based on *Code Ann.* § 26-2812 and, with the exception of amount and names, was in substantially the same language as in the indictments involved in this case. In the *Johnson* case, *Code Ann.* § 26-2812 was held to be constitutional and in that portion of the opinion dealing with the constitutional question the court said (p. 150): "The Act here in question *creates a form of larceny after trust.* [Emphasis supplied.] It applies to transactions wherein payments are made for the purpose of improving real property. It provides that it shall be unlawful if, with intent to defraud, such funds are used otherwise than to pay for labor and material if there be any labor or material cost unpaid. The object of the act was to make penal the conversion of funds delivered for the purpose of applying to labor and material cost, with a provision that there would be a conversion when such funds were otherwise used while there remained any unpaid labor or material cost."

Division 5 of the *Johnson* opinion is as follows: "By the first ground of the amended motion it is contended that the court erred in a portion of the charge on count three of the indictment. The judge charged that, if a payment was made on account of improving real estate, *and a portion thereof,* to wit,

$147, was due and unpaid to a named party for labor and material, a conviction would be authorized. The accused insists that this was error, and that there could be no conviction unless *all* of the payments so made had been used otherwise than to pay for labor or material. There is no error in the charge for the reason assigned." (Emphasis supplied.) It is our view that Division 5 of the opinion virtually holds that the offense charged in Count 3 was a separate offense.

The record of the proceedings on the trial under indictment No. 1947 clearly shows that the trial was limited by the court to that indictment alone even though and notwithstanding the fact that counsel for defendant stated in that connection that there were five indictments and insisted "that we go ahead and try him on all five of the indictments at this time and before this jury." Moreover, during the trial and on direct examination by the State of witness Neugent, counsel for defendant objected to any conversation the witness had with one Norman B. West named in indictment No. 1945, on the ground that the defendant was only being tried under the charges of Smith named in indictment No. 1947, the State having chosen not to try the defendant on the other indictments. This objection was sustained by the court. Furthermore, a similar objection by counsel for defendant was thereafter interposed and sustained by the court, this objection being as follows: "I object to his [Neugent] testifying as to any material except those involved and concerning Mr. 5/8 Smith. They wouldn't put those indictments in for trial and we object to it." These objections by counsel for the defendant clearly indicate that he regarded each indictment as setting forth a separate offense.

*Code Ann.* § 26-2812 creating a form of larceny after trust as stated in *Johnson v. State,* 203 Ga. 147, supra, general principles in respect of the offense of larceny after trust are regarded as applicable and pertinent to and controlling in the present case. These principles and supporting authorities are now here set forth.

In order to convict the accused under an indictment for larceny after trust, it is necessary to prove the creation of the trust described in the indictment and a fraudulent breach of it in the

manner alleged. To charge one trust and prove another would not suffice. *McNish v. State,* 88 Ga. 499 (14 SE 865).

The offense of larceny after trust comprehends a relationship of trust, which must be proved as laid. *Gammage v. State,* 92 Ga. App. 235 (88 SE2d 174), citing *Silvers v. State,* 79 Ga. App. 223 (53 SE2d 388).

In order to convict of larceny after trust, the exact trust substantially as alleged in the indictment must be proved. To allege one trust and prove another would be fatal. *Clack v. State,* 47 Ga. App. 323 (170 SE 398). See also *Carty v. State,* 26 Ga. App. 249 (3) (106 SE 11).

Tested by the holding in the *Johnson* case and by the foregoing principles, it is held that each of the indictments involved in this case charges a separate offense not only as related to each other, but also as related to the offense charged in indictment No. 1947, and that the trial court did not err in its judgment denying defendant's second motion to quash (which was in the nature of a plea of double jeopardy) from which the appeal in this case was taken.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED FEBRUARY 2, 1970—DECIDED JUNE 30, 1970—REHEARING DENIED JULY 28, 1970—

*Jack J. Helms,* for appellant.
*Edward Parrish, District Attorney pro tem.,* for appellee.