## 51210. JACKSON v. THE STATE.

STOLZ, Judge.

This is an appeal from defendant Jackson's conviction of theft by conversion in failing to pay for construction materials used to build swimming pools for his customers. When the customers, prosecutors in this action, paid the defendant for their pools, they did so with the understanding that Jackson would pay for all labor and materials used. Jackson admits this and also admits that it is he, not his customers, who is indebted to the supplier. Yet defendant Jackson failed to pay for the materials used and consequently, the supplier placed a materialman's lien on the real estate of the two customers.

1. Appellant first enumerates as error the trial court's failure to dismiss the charges, claiming that theft by conversion under our statute (Code Ann. § 26-1808) is unconstitutional insofar as it provides for imprisonment for debt. This argument is controlled by *Smith v. State,* 229 Ga. 727 (194 SE2d 82), wherein the Supreme Court upheld the statute, interpreting it as creating a form of larceny after trust. This contention is therefore without merit.

2. The essence of this case is fraudulent intent, for that distinguishes theft by conversion from a simple breach of contract. The fact that the prosecutors may have a civil remedy under Code Ann. § 67-2001 (2) is of no consequence in this criminal action. Witness the availability of both civil and criminal actions for assault and battery, for wrongful death and homicide, and for trover and fraudulent conversion. The criminal statutes are not superfluous but rather, are designed to satisfy a

different purpose than restitution to the prosecutor, which is accomplished through a civil suit.

The evidence in this case showed that the defendant contracted to build swimming pools at stipulated prices, that the contracts contemplated the defendant's being responsible for paying the costs of labor and materials, that in one case the defendant agreed in writing to be responsible for these costs, that the defendant had been fully paid by his customers, but had failed to pay his supplier in turn, and that the supplier placed liens on the customers' property because of the outstanding debt. The state cannot prove that a person's intent is fraudulent other than by inferences arising from his conduct. "[T]he proof of conversion vel non lies in the explanation or failure to explain proved discrepancies between amounts received and disbursements going toward the completion of the contract." *Baker v. State,* 131 Ga. App. 48, 51 (205 SE2d 79). When the state offered the above evidence, the burden of proof shifted to the defendant to account for the funds by showing that they were used to pay for the materials or, at least, that their use was not fraudulent as to the prosecutors of this action. *Moore v. State,* 104 Ga. App. 93, 94 (121 SE2d 75); *Baker v. State,* supra.

In a subsequent appeal of *Baker v. State,* 135 Ga. App. 500 (218 SE2d 171), we held that, where the state merely proved a breach of contract, this could not support a conviction for fraudulent conversion. The evidence in *Baker* was that the defendant was fully paid for construction of two houses, yet he completed neither because he had run into unforeseen difficulty with a subcontractor. Each of his customers was required to pay off materialman's liens on his property. Notably, in *Baker,* there was not the slightest inference that any amount of the money advanced was converted to his own use. *Baker* and the case sub judice differ factually. Here, defendant Jackson admitted that he received the money and knew that he was expected to pay the bills for supplies. He testified that he had not paid these bills, yet he had used the money, although he stated that he did not know what he had done with the funds. His wife corroborated the fact that he had received and spent the money advanced by his two customers. In light of this

evidence, an acquittal was not required. The jury resolved the factual issue of intent and the jury's verdict, supported as it is by evidence, should be upheld. *Parrott v. State,* 134 Ga. App. 160 (1) (214 SE2d 3).

3. The trial judge charged the jury, in part, that: "The Georgia Criminal Code, § 26-1808, provides that a person commits Theft by Conversion, when having lawfully obtained funds or property of another under an agreement or other known legal obligation to make a specified application of such funds, or specified disposition of such property, he knowingly converts the funds or property to his own use, in violation of such agreement or legal obligation. The section applies whether the application or disposition is to be made from the funds or property of another, or from the accused's own funds or property in equivalent amount when the agreement contemplates that the accused may deal with the funds or property of another as his own." The defendant had requested the court to charge ". . . that in order to convict the defendant of each of the charges in the indictment, you must find that an agreement and a known legal obligation existed for the defendant to make a specified application of certain funds." Since the given charge included the substance of the defendant's requested charge, it was not error for the court to fail to charge in the specified language requested.

4. The fourth enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., Clark, Webb and Marshall, JJ., concur. Bell, C. J., Pannell, P. J., Quillian and Evans, JJ., dissent.*

ARGUED SEPTEMBER 29, 1975 — DECIDED JANUARY 6, 1976.

*Araguel & Sanders, Jerry D. Sanders,* for appellant. *Claude N. Morris, District Attorney,* for appellee.

EVANS, Judge, dissenting.

The prosecutor in this case paid the defendant for the construction of a swimming pool, and defendant did not pay for the material and labor that went into the pool. Prosecutors proceeded under Code Ann. § 26-1808, and

secured a conviction.

The prosecutor had ample remedy by requiring the defendant to make an affidavit as provided for in Code Ann. § 67-2001 (2), to the effect that defendant had been paid for all material and labor, before the owner made payment to the contractor. They ignored this remedy and placed the money in defendant's hands without requiring such affidavit.

When the money was placed in defendant's hands, it became his money, albeit he owed for material and labor. Under these circumstances, if he failed to pay for them (which was proven to be the case), then both the owner and those who furnished material and labor had the right to proceed against him in a civil action.

In my opinion, Code § 26-1808 is much too broad, in part, to be effective. This statute makes it a crime to fail to pay money over to others "under an agreement *or other known legal obligation.*" (Emphasis supplied.) If the owners had attached a condition to the payment that he must use it to pay for labor and material, it would have been criminal not to do so. But the *broad and general language* "or other known obligation" in my opinion would make every employee, who receives a salary, a criminal if he did not use that salary for paying his "known legal obligation[s]."

Suppose the bank pays its teller, and the teller fails to pay the rent and grocery bill? Here, he would be guilty because these are *"known legal obligation[s]."* Is it intended that the statute shall be that broad? Is every person guilty who does not pay his debts? This runs squarely counter to the constitutional provision as set forth in Code Ann. § 2-121: "There shall be no imprisonment for debt."

It is said that Georgia was settled by persons who were in prison in England for debt, and were brought to these shores to start a new life where there would be no imprisonment for debt. Respectable historians dispute this slander on our heritage and contend that all of our forebears were noble characters, "poor but proud." Be that as it may, we do have the constitutional provision set forth above in our State Constitution.

We are quite conversant with *Smith v. State,* 229 Ga.

727 (194 SE2d 82) wherein the Supreme Court held this statute to be constitutional, but it dealt only with that part of the statute where there was *an agreement* to use the funds for a specified purpose and not with that part where there was *merely a known legal obligation,* and consequently, any part of this decision which suggests the entire statute is constitutional is mere obiter dictum and not binding. *Mobley v. Macon Nat. Bank,* 42 Ga. App. 267 (1) (155 SE 778), affirmed in 174 Ga. 256 (162 SE 708). (The Supreme Court has not repealed the rule as to obiter dictum so far as we can learn.)

Recently, the Supreme Court held in the case of *Hall v. Hopper,* 234 Ga. 625, 632 (216 SE2d 839), that the rule as to our being governed by the oldest full bench decision has been repealed.

While such well-established principles as "stare decisis" and "oldest unreversed full bench decisions of the Supreme Court" are now being held no longer binding, perhaps the Supreme Court might take a second look at another old and venerated principle, to wit, that the Supreme Court decisions take precedence over decisions of the Court of Appeals. If we can bury that principle in the same grave with "stare decisis" and "oldest unreversed full bench decision of the Supreme Court," we can all make a fresh start and begin the contest between the Supreme Court and the Court of Appeals on equal terms. Happy day!

The Court of Appeals in *Baker v. State,* 131 Ga. App. 48 (205 SE2d 79) held contrary to this dissent, but it is not shown whether there was an *agreement* by the defendant to use the money for a specified purpose or simply a *known legal obligation* to do so; hence, we cannot say that there is any conflict between *Baker,* supra, and this dissent. But if there is a conflict, *Baker v. State* should be overruled.

To illustrate the ridiculous position this statute would place a builder in, suppose his contract is to build a pool for $10,000, and at the end he finds himself owing $7,500 for labor and $7,500 for material, a total of $15,000, or $5,000 more than the owner pays to him. Because he made an error in judgment in placing his bid at too low a figure, is he to be prosecuted and placed in jail? Suppose he pays out the entire $10,000 to the laborers and

materialmen, but he still lacks $5,000 of making full payment? The statute (Code § 26-1808) would nail him to the wall because when he uses the money as his own (conversion), and makes his own election as to how much he will pay on the debt for material and how much he will pay on the debt for labor, then this would certainly fit that language in the statute which provides ". . . knowingly converts the funds or property to his own use . . ." So long as he exercises the right to determine how much he will pay Peter and how much he will pay Paul, he has converted it to his own use, and thereafter pays it out *as his own money and as he decides to pay it, and to whom and in what amounts he decides to pay it.*

Suppose the bank pays its teller $750 for one month's work, and the teller owes $750 in back rent, $750 in back grocery bills, and $750 to a friend who loaned it to him so he could go to see part of the World Series baseball games. He cannot pay all of them — they are all "known legal obligations" (provided he confided in his employer as to his situation) and the poor fellow would have to go to jail because he did not use the $750 to pay the total of $2,250 that were *known legal obligations.*

I repeat that the owner of the pool had but to require an affidavit before they paid one red cent to the builder, which affidavit stated that all labor and material had been paid for. Then the owner would be scot-free regardless of whether the affidavit was true or false. The owner had a perfect remedy under Code Ann. § 62-2001 (2), and they should not be allowed to prosecute defendant because the owner would not use his legal remedy.

I am authorized to state that Chief Judge Bell, Presiding Judge Pannell, and Judge Quillian concur in this dissent.