## 48869. BAKER v. THE STATE.

ARGUED JANUARY 16, 1974 — DECIDED JANUARY 30, 1974 —
REHEARING DENIED FEBRUARY 21, 1974 —

*Emily Carssow,* for appellant.

*Dewey Hayes, District Attorney, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., David L. G. King, Jr., Assistant Attorneys General,* for appellee.

DEEN, Judge.

1. Theft by conversion exists where the defendant, after receiving funds from another under an agreement to make a specified application of them, knowingly converts the money to his own use in violation of the agreement. Code Ann. § 26-1808. The agreement between the defendant and the respective prosecutors here was that Baker "shall furnish all labor and materials needed for construction" of a described house for a designated price to be paid in three equal instalments. The evidence in each case was that the first instalment was paid in advance, the second instalment was to be paid after the house was "dried in" and that this initial phase of the work was diligently accomplished; that after the second instalment was paid there was little or no work done, the defendant was hard to find, the allowed contract time expired and large bills were run up for materials as a result of which liens were filed against the owners.

The gravamen of the offense clearly is fraudulent conversion, not failure to comply with a contractual obligation. *Smith v. State,* 229 Ga. 727, 729 (194 SE2d 82). This is a species of larceny after trust. It is the larcenous intent, not merely the failure to pay, which must be proved. Under the somewhat similar former statute (Code of 1933, § 26-2812) it was held that the state proved its case on proof by testimony admitted by the defendant to be true that he had received $15,988.90 for the construction of a residence, had disbursed toward this construction only $11,601.16 of this amount, had not

accounted for the balance, and had incurred debts for labor and materials which were unpaid and resulted in liens against the property of the owner. "When these facts appeared, the burden of proof shifted to the defendant to account for the funds which he had received from the prosecutor, by showing that the entire sum was used for the payment of labor and material." *Moore v. State,* 104 Ga. App. 93, 94 (121 SE2d 75). It is of course true that under former Code § 26-2812, in order to make out the offense it was necessary to show that the money or some part of it had been used for some "other purpose than to pay for labor or service performed on or materials furnished by his order for this specific improvement." Under the present statute the meaning of the term "to convert to one's own use" may depend on the terms of the contract; for example, whether it stipulates that the money is first to be applied to labor and materials. Is the defendant entitled to urge the value of his own labor in the erection of the building, or must he first apply all sums received to the payment of the labor and materials of others? It is obvious, in either event, that mere proof that it cost a designated sum over and above the contract price to complete the building after its *quasi* abandonment by the defendants is irrelevant to the conversion charge, the question being whether the defendant took funds paid him for the construction and knowingly put them to other uses. Thus, the Denham indictment alleged that the defendant had converted $5,700. Mrs. Denham testified that she had arrived at this figure because "he agreed to build us a house for $23,000, and when we finished the house [paying another contractor] and paid up all of his debts that he left on the house it cost us $5,700 [over the contract figure]." Such testimony may establish a breach of contract but not a fraudulent conversion. In the same way, if all payments to the defendant had been accounted for by him as having gone into the construction, the fact that liens for unpaid materials remained would not be sufficient evidence of conversion. There was, however, evidence going to both counts of a large volume of unpaid bills and materialmen's liens and of payments subsequently made to the defendant, some of them apparently for the explicit

purpose of paying off certain bills which, however, continued to remain unpaid. In view of the fact that the case is to be retried we make no specific finding on the evidence other than to point out that the proof of conversion vel non lies in the explanation or failure to explain proved discrepancies between amounts received and disbursements going toward the completion of the contract.

2. Checks were offered in evidence by the defendant to show disbursements made by the defendant in carrying out the building contracts involved. The checks were objected to on the ground that notations appeared to have been added on to them and the objections sustained. The defendant then called Dorothy Baker for the purpose of proving the purpose of the expenditures. Appellant's counsel contends that this "would have established the expenditure of more than $40,000 paid out by appellant in furtherance of building houses for the Holmses and the Denhams." The objection to calling the witness was phrased: "At this time I would like to see her name on the list of witnesses. There are some that I can't read. I object to anybody else being called that I haven't been furnished a list of. I object to anybody else being called without having been furnished a list. I do not see her name on the list. I will state further it's not on the list that she started with." The ruling of the court seems to indicate that the rule as to sequestration had been invoked, and that the refusal to allow the witness to testify was based on this ground. While there are many cases dealing with the court's discretionary power where sequestration has not properly been observed, the rule appears to be as stated in *McCartney v. McCartney,* 217 Ga. 200 (7), 201 (121 SE2d 785): "A party's right to have the testimony of any witness, when material to the assertion of his rights, is unabridged, except by the exceptions under Code § 38-1603, and this right is unaffected by the rule of sequestration of witnesses under Code § 38-1703. *May v. State,* 90 Ga. 793 (17 SE 108); *Thomas v. State,* 7 Ga. App. 615 (67 SE 707); *Cunningham v. State,* 97 Ga. 214 (22 SE 954); *McWhorter v. State,* 118 Ga. 55 (44 SE 873); *Phillips v. State,* 121 Ga. 358 (3) (49 SE 290). Thus, the disobedience of an order of

sequestration is a mere irregularity, subjecting the offender to punishment for contempt and may affect his credit as a witness, but it does not render the witness incompetent." If this witness could have in fact established regular disbursements by the defendant in the amount claimed by counsel in her brief it is obvious that such evidence would be vital to him, and that, in any event, it was pertinent and relevant to the case. The overall question is intent to defraud, rather than failure to comply with the contract, and in view of this in conjunction with the lack of any other evidence as to disbursements by the defendant, we feel that a new trial should be granted.

3. Since the trial of this case, it has been held in *Wade v. State,* 231 Ga. 131 (200 SE2d 271), that where the defendant is convicted and sentenced on more than one count of a multi-count indictment the sentences are to run concurrently unless otherwise specified by the jury.

*Judgment reversed. Hall, P. J., and Stolz, J., concur.*