## 50827. BAKER v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of two counts of theft by conversion. Code Ann. § 26-1808.

The evidence at trial disclosed that the defendant entered into two contracts with third parties, the Dunhams and Holmses, for the construction of a dwelling house for each. The contracts provided that the defendant "shall furnish all labor and materials needed for construction" for each particular home for a designated price to be paid in three equal instalments. Defendant received from the Dunhams two payments of $7,666 each. On the Holmses' contract there was evidence that defendant was paid a total of $22,773, an amount in excess of the original contract price. There is evidence that defendant commenced construction on both homes

but neither was completed. The Dunham indictment alleged the defendant had converted $5,700 and the Holmses' indictment alleged the theft by conversion amounted to $8,000. Each of the contracting parties was required to pay off materialmen liens for materials furnished for the two projects which had not been paid by defendant. Defendant testified to the effect that he had diligently tried to fulfill his contractual agreements but ran into unforeseen difficulty with a subcontractor and that he at all times intended to complete the contracts. *Held:*

Theft by conversion occurs when the defendant after lawfully receiving funds from another under an agreement to make a specified application of them, knowingly puts the money to his own use in violation of the agreement. Code Ann. § 26-1808. The purpose of the statute is to punish for fraudulent conversion. The statute is not designed to punish for the failure to comply with a contractual obligation. *Smith v. State,* 229 Ga. 727 (194 SE2d 82). While it is undisputed that the defendant was advanced money to construct these homes and that he did not complete them there is not the slightest inference that can be drawn from the evidence that any amount of the money advanced was converted to his use. The state proved a breach of contract but it failed to prove the offenses charged in the indictment. The evidence is insufficient as a matter of law to authorize the conviction.

*Judgment reversed. Webb and Marshall, JJ., concur.*

SUBMITTED JUNE 16, 1975 — DECIDED JULY 16, 1975.

*E. Kontz Bennett, Jr., Dennis J. Strickland,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.