## 54177. BAKER v. THE STATE.

BANKE, Judge.

J. S. Baker was found guilty by jury of two counts of theft by conversion. He appeals directly from his conviction contending the evidence was insufficient to sustain the verdict. He also cites as error numerous rulings made by the judge in the course of the trial.

In January and March 1973 the appellant entered into a written agreement with Brown's Chapel AME Church in Homerville whereby he was to make repairs on the church property, build an annex to the church, and renovate a parsonage. The parties agreed on a fixed sum to cover the cost of the construction. The church also agreed orally to cover the appellant's expenses for materials and labor as the work progressed. The specific charges on which the appellant was convicted involved the construction of a church steeple and the installation of a heating system. When the case came up for trial, all accounts due on both projects had been paid.

1. As defined in Code Ann. § 26-1808, "A person commits theft by conversion when, having lawfully obtained funds . . . of another under an agreement . . . to make a specified application of such funds . . ., he knowingly converts the funds . . . to his own use in violation of such agreement or legal obligation." The state proved that the appellant was given a check for $325 to

pay for the cost of building a church steeple. The state also proved that the materials for the steeple cost the appellant only $100.

As held by this court in *Baker v. State,* 131 Ga. App. 48 (205 SE2d 79) (1974), the terms of the agreement between the parties are decisive in determining whether the defendant has converted funds of another from a directed purpose to his own use. The building committee for the church admitted at trial that the church had given the appellant wide discretion in his use of the funds paid to him. Since the appellant was never told how much of the $325 he was to retain for his own services and since he did in fact pay for all of the materials used in the steeple, the appellant cannot be convicted of criminal conversion simply because the building committee believes his retention of $225 for his own services was excessive. The appellant's conviction on this count is reversed.

2. The second count on which the appellant was convicted charged him with converting to his own use $2,000 given to him to pay for a new heating system. The building committee testified that they gave the appellant this money on April 20, 1973, with specific instructions to use it to pay for the heating system. The committee also testified that he had failed to pay the bill with a previous check for $1,700 given to him for the same purpose. The state then presented evidence showing that the bill for the system was finally paid on May 10, 1973, not with the church's money but with money loaned to the appellant by others.

The crux of this charge is whether the defendant intended to commit a crime by his disposition of the $2,000 in question. It is the presence of a fraudulent intent ". . . that distinguishes theft by conversion from a simple breach of contract." *Jackson v. State,* 137 Ga. App. 192 (223 SE2d 239) (1976).

Two elements of the alleged crime were disputed at trial. The appellant denied that the $2,000 was given to him for any specific purpose or that he knowingly converted the money to his own use. The jury was authorized to believe the committee's testimony that they had in fact given the appellant a second payment for the specific purpose of paying for the heating system. The jury

was also authorized to infer, from the evidence that the bill was finally paid with borrowed funds, that the appellant had appropriated the $2,000 payment to his own use. Once the state made out a prima facie case of conversion, the burden shifted to the appellant ". . . to account for the funds received or in some other manner to create a reasonable doubt as to his lack of intent." *Baker v. State,* 131 Ga. App. 48, supra. The appellant never attempted to do this. Instead, he relied on his assertion that the money was given to him to use wherever it was needed on the project.

The presence of criminal intent is a factual issue for the jury's resolution. The jury may consider the accused's "conduct . . . and all other circumstances connected with the act for which the accused is prosecuted." Code Ann. § 26-605. The evidence before the jury here was that the appellant negotiated two checks given to him by the building committee to pay a particular bill and that he ultimately paid the account with borrowed funds.

The court's duty on review is to construe the evidence most strongly in support of the verdict approved by the trial judge. *Knopp v. State,* 52 Ga. App. 537 (183 SE 820) (1935). Under this standard it cannot be said that the jury, upon viewing the evidence collectively, erred in concluding that the appellant intended at the time he cashed the second check for $2,000 to defraud the building committee and to convert the money to his own use. The appellants' conviction on this count is affirmed.

3. The appellant alleges that the trial court committed error in allowing his character to be placed into issue and in failing to grant a motion for mistrial on this ground. The contention is without merit. The trial court sustained each objection to such testimony. The motion for mistrial followed a statement by a prospective juror on voir dire acknowledging that he had known the appellant while the latter was in jail. The prospective juror was excused; the defense counsel and the district attorney reached an agreement on an explanation to be given the jury by the court; and no ruling on the motion was ever obtained. *Moss v. State,* 136 Ga. App. 241 (220 SE2d 761) (1975).

4. The trial court did not err in allowing testimony

from certain witnesses not included on the list of witnesses submitted by the state to defense counsel. No written demand for list of witnesses appears in the record. A demand is required by Code Ann. § 27-1403 in order to maintain such an objection. *Jackson v. State,* 235 Ga. 857 (1) (221 SE2d 605) (1976).

5. The appellant alleges that the trial court erred in failing to declare a mistrial because of the district attorney's improper and highly prejudicial behavior in repeatedly leading the witnesses at trial. The court is unable to respond to this enumeration since defense counsel has failed to direct the court's attention to any specific instances of error in the record. *Home Indem. Co. v. Godley,* 122 Ga. App. 356 (6) (177 SE2d 105) (1970); *Chambers v. Donalson,* 122 Ga. App. 439 (2) (177 SE2d 264) (1970).

Also, there is no merit to the contention that the trial court erred in not declaring a mistrial because the district attorney made prejudicial statements in his closing argument to the jury. The district attorney stated that the appellant needed to be "branded" a thief because he was a "thief and a wolf at heart." The district attorney is permitted great latitude in drawing deductions from the evidence in his closing argument. *Wisdom v. State,* 234 Ga. 650, 655 (217 SE2d 244) (1975); *Hunt v. State,* 64 Ga. App. 324 (13 SE2d 121) (1941). There was also no harm committed by the district attorney's reference in his next sentence to the grand jury's action in indicting defendant. Upon objection by defense counsel, the court agreed to correct, in its instructions to the jury, any misconception the jury might have that the grand jury indictment could be considered as evidence against the appellant. This explanation, which was later given, cured any possibility of prejudice to the defendant. *Hunt v. State,* supra.

6. The trial court did not err in allowing rebuttal testimony by a witness for the state after he had been present in court to hear the testimony and evidence presented by the defense, in spite of the resulting violation of the sequestration rule. Such a witness is not disqualified from testifying. *Shelton v. State,* 111 Ga. App. 351 (141 SE2d 776) (1965). Only his credibility as a witness, not his competence, is affected. *McCartney v.*

*McCartney*, 217 Ga. 200 (121 SE2d 785) (1961).

7. There is no merit to the appellant's allegation of error that the trial court should have declared a mistrial because the jury overheard legal arguments on the admissibility of testimony of certain witnesses. Again, defense counsel has failed to make any citations to the record or to cite any authority. We are, therefore, unable to consider this enumeration. *Bode v. Northeast Realty Co.*, 117 Ga. App. 226 (1) (160 SE2d 228) (1968). It should be noted, however, that it is generally not error for the jury to overhear a discussion between counsel and the court, when confined strictly to the question of the admissibility of evidence. *Adams v. State*, 171 Ga. 90 (154 SE 700) (1930).

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Shulman, J., concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977 — REHEARING DENIED SEPTEMBER 26, 1977 —

*J. Blayne Jennings, Benjamin W. Spaulding,* for appellant.

*Vickers Neugent, District Attorney,* for appellee.