## 36584. STATE OF GEORGIA v. HUDSON.

CLARKE, Justice.
The trial court held Code Ann. § 26-1808.1 (Ga. L. 1976, pp. 1456, 1457) unconstitutional under the equal protection and due

process clauses of the United States and Georgia Constitutions. The state appeals. We reverse.

Section 26-1808.1 provides: "Any architect, landscape architect, engineer, contractor, subcontractor, or other person who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose then [sic] to pay for labor or service performed on, or materials furnished by his order for this specific improvement, while any amount for which he may be or become liable for such labor, services, or materials remains unpaid shall be guilty of a felony . . ., or upon the recommendation of the jury, or in the discretion of the trial judge, punished for a misdemeanor... A failure to pay for material or labor furnished for such property improvements shall be prima facie evidence of intent to defraud."

The defendant here was indicted for the violation of the statute and to this indictment he filed a plea in bar. The trial court sustained the plea on two grounds. The court found that the statute created an impermissible presumption of guilt as to one of the elements of the crime and was so vague and indefinite as to constitute a denial of due process of law. The record in this case contains only the indictment, the plea in bar and the orders of court. Therefore, the trial court's holding is one of facial unconstitutionality since no evidence has been offered upon which it could be found that the statute is unconstitutional in the light of the facts of the case.

(1) "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1975). The holding in Mazurie has been recognized and followed by this court in *Hardison v. Shepard,* 246 Ga. 196 (269 SE2d 458) (1980). In that case, we held that since it was impossible to determine the nature of the conduct which gave rise to the charge, the statute could not be declared void for vagueness. The case now before the court falls squarely within the above holdings and, therefore, the statute should not be declared unconstitutional for vagueness on its face.

(2) In considering whether the statute contains a constitutionally impermissible presumption as to one of the elements of the crime, we look again to a holding of the United States Supreme Court. In County Court of Ulster County, N. Y. v. Allen, 442 U. S. 140 (99 SC 2213, 60 LE2d 777) (1979), the court construed a New York statute which provided that with several exceptions the presence of a firearm in an automobile was presumptive evidence of illegal possession of the firearm by all persons then occupying the vehicle. In construing this statute, the court found: "Our cases considering the

validity of permissive statutory presumptions such as the one involved here have rested on an evaluation of the presumption as applied to the record before the Court. None suggests that a court should pass on the constitutionality of this kind of statute 'on its face.' It was error for the Court of Appeals to make such a determination in this case." 442 U. S. at 162-63. Cf. Bellavia v. Fogg, 613 F2d 369 (2d Cir. 1979). The court made reference to "permissive statutory presumptions," presumptions which permit while not mandating a particular inference.

The court has recognized the value of inferences and presumptions in the fact finding process. "The value of these evidentiary devices, and their validity under the Due Process Clause, vary from case to case . . . depending on the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the factfinder's freedom to assess the evidence independently." County Court of Ulster County, N. Y. v. Allen, supra at 156. It was explicitly held in In Re Winship, 397 U. S. 358, 364 (90 SC 1068, 25 LE2d 368) (1970), ". . . that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact necessary to constitute the crime with which he is charged."* (Emphasis supplied.) Accord, Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979); Patterson v. New York, 432 U. S. 197 (97 SC 2319, 53 LE2d 281) (1977). Therefore, the presumption in the statute in question here might be constitutionally valid or invalid depending on the instructions given to the jurors by the court. If the presumption indicated by the statute could be interpreted by the jury under the court's instructions as a burden shifting presumption or as a conclusive presumption, either interpretation would deprive the defendant of his right to have the state prove every element of the crime with which he is charged beyond a reasonable doubt. Under those circumstances, the instructions would render the presumption unconstitutional. Sandstrom v. Montana, supra at 524. On the other hand, if the instructions made clear to the jury that the presumption raised by the statute was permissive only, and that the duty still devolved upon the state to prove every element of the crime charged beyond a reasonable doubt, the presumption permitted by the statute would be constitutionally permissible. See *Simmons v. State,* 246 Ga. 390 (271 SE2d 468) (1980). Because the constitutionality of the statute can be tested only as applied to a particular defendant under a particular charge, the court erred in holding the statute unconstitutional on its face.

*Judgment reversed. All the Justices concur, except Gregory, J., not participating.*

*W. A. Foster, III, District Attorney,* for appellant.
*James I. Parker,* for appellee.