## 63233. LINGOLD v. THE STATE.

SOGNIER, Judge.

Theft by conversion of payments for property improvements. Lingold enumerates as error the trial court's denial of her motion for a directed verdict of acquittal and the entering of judgment, both enumerations based on the general grounds. She also contends the trial court erred by refusing to give two of her requested charges to the jury.

Appellant, a building contractor, contracted to add two rooms, a bath and a hallway to the home of Larry Peppers for $10,100, including labor and materials. By mutual agreement of the parties, the hallway was eliminated. The contract was entered into on September 29, 1979 and all work was to be completed by December 1, 1979. As of November 17, 1979 the Peppers had paid appellant a total of $8,068. Additionally, the Peppers paid $895 for installation of the heating and air conditioning. Despite these payments Campbell Lumber Company, whose bill remains unpaid, placed a lien in the amount of $4,897.54 on the Peppers' home for material furnished to appellant for use on the Peppers' addition. Appellant accounted for expenditure of $5,388.84 for labor and materials used pursuant to her contract with the Peppers. The balance of $2,679.16 paid by the Peppers to appellant was not accounted for by appellant.

Code § 26-1808.1 provides, in pertinent part: "Any ... contractor ... who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose then (sic) to pay for labor or service performed on, or materials furnished by his order for this specific improvement, while any amount for which he may be or become liable for such labor, services, or materials remains unpaid shall be guilty of a felony ... A failure to pay for material or labor furnished for such property improvements shall be prima facie evidence of intent to defraud."

1. In regard to denial of appellant's motion for a directed verdict of acquittal, we held in a case almost identical factually to this case that "[w]here the State establishes a prima facie case by proving that there are unpaid liens and debts and that the money received by the contractor is greater than that disbursed by him on the project, it then devolves upon the defendant to account for the funds received or in some other manner to create a reasonable doubt as to his lack of intent to defraud." *Baker v. State,* 131 Ga. App. 48 (1) (205 SE2d 79) (1974). In the instant case the state established all of the factors enunciated in *Baker.* Additionally, § 26-1808.1, enacted subsequent to the decision in *Baker,* provides specifically that failure to pay for labor or material furnished for such property improvements shall be prima facie evidence of intent to defraud.

The court considered this provision of the statute in denying appellant's motion for a directed verdict of acquittal. The use of such presumptive statutes in the fact finding process is not prohibited. As our Supreme Court pointed out in *State of Ga. v. Hudson,* 247 Ga. 36, 38 (273 SE2d 616) (1981): "The court has recognized the value of inferences and presumptions in the fact finding process." Further, the Supreme Court of the United States in discussing presumptions has stated: "The value of these evidentiary devices, and their validity under the Due Process Clause, vary from case to case ... depending on the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the factfinder's freedom to assess the evidence independently." County Court of Ulster County, N. Y. v. Allen, 442 U. S. 140, 156 (99 SC 2213, 60 LE2d 777) (1979). Thus, the trial *judge* was not prohibited from considering the presumption in ruling on appellant's motion. When, however, a trial court *instructs a jury* on a statutory presumption, then the constitutional validity or invalidity of the presumption must be considered to see if the instruction conveys to the jury the idea that the burden of proof has been shifted to the defendant. *Hudson,* supra; Sandstrom v. Montana, 442 U. S. 510, 514 (2) (99 SC 2450, 61 LE2d 39) (1979). Since the trial judge

could properly consider the presumption set forth in § 26-1808.1 for purposes of appellant's motion, the state had established a prima facie case of appellant's guilt at the conclusion of presentation of its evidence.

Code § 27-1802 (a) provides, in pertinent part: "Where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal or 'not guilty' as to the entire offense . . . the court may direct the verdict of acquittal to which the defendant is entitled . . ." Since the evidence presented by the state did not demand a verdict of not guilty, the trial court did not err in denying appellant's motion. See *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978).

2. Appellant contends the trial court erred by entering a judgment on the jury's verdict of guilty as there was no evidence to support the verdict. Appellant argues that the evidence disclosed that she spent more money on the Peppers' home than she received. We pointed out in Division 1 that appellant's own testimony established that she spent $2,679.16 less than she received from the Peppers, plus the unpaid lien on Peppers' home totalling $4,897.54. Once the state established the facts as we set forth in Division 1, the burden shifted to appellant to account for the funds she received from the Peppers by showing that the entire sum was used to pay for labor and materials. *Moore v. State,* 104 Ga. App. 93, 94 (121 SE2d 75) (1961). "[P]roof of conversion vel non lies in the explanation or failure to explain proved discrepancies between amounts received and disbursements going toward the completion of the contract." *Baker,* supra, at 51.

Appellant attempted to show that the unexplained balance of $2,679.16 she received from the Peppers was spent for a bathtub costing $1,500 and a sliding glass door appellant had purchased earlier at a cost of approximately $1,227. Appellant acknowledges that the state's evidence raised questions about the propriety of these expenditures, but not about their existence. However, the evidence raised serious questions about the cost of the bathtub and door. In fact, the state presented evidence that appellant paid $196.72 to West Building Materials for a sliding door. The state also established that the bathtub delivered from out of state for which appellant paid $1,500 could have been purchased locally for approximately $250. No receipt substantiating this $1,500 expenditure was presented. The weight of the evidence and the credibility of witnesses are for the jury's determination. *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980). Under the circumstances of this case we find the evidence sufficient to support the verdict. We also find that a rational trier of

fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. In appellant's last two enumerations of error, which we will consider together, she contends the trial court erred by failing to give her requested charges 3 and 17. Appellant's third request to charge was as follows: "There is a presumption that no crime has been committed and the burden is on the State to prove beyond a reasonable doubt that a crime was in fact committed." Appellant's 17th request to charge was as follows: "It is the presence of fraudulent intent . . . that distinguishes theft by conversion from simple breach of contract."

Although appellant's third request to charge is somewhat confusing, it is apparent from her brief that the requested charge referred to the presumption set forth in the last sentence of Code § 26-1808.1, which provides: "A failure to pay for material or labor furnished for such property improvements shall be prima facie evidence of intent to defraud." Relying on *State of Ga. v. Hudson,* supra, appellant contends that the trial court's charge did not make clear the role of the presumption quoted above. However, the trial judge made no reference whatsoever to the quoted sentence in his charge to the jury, so the cautionary instructions required by *Hudson* were not necessary. Thus, the jury could not be confused about the presumption and appellant actually benefited from the court's silence in regard to the presumption.

The court charged the jury that an accused person will not be presumed to have acted with criminal intention. The court also charged the jury that "the State is required to prove such an intent [to defraud] to your satisfaction and beyond a reasonable doubt." After charging on the elements of the offense, the court reiterated its charge that an accused will *not* be presumed to act with criminal intention. Hence, appellant's requested instructions 3 and 17 were covered fully by the court's charge, and no error was committed by failing to give such instructions. See, *Kelly v. State,* 241 Ga. 190, 191 (4) (243 SE2d 857) (1978).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 1, 1982.

*Frank Samford,* for appellant.
*J. W. Morgan, District Attorney,* for appellee.