### 66145. CALDWELL v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of kidnapping and simple assault, but appeals only his conviction of kidnapping. He appeals (1) on the general grounds, and also contends the trial court erred (2) by admitting certain photographs without a proper foundation as to relevance; (3) by denying his motion for a directed verdict of acquittal as to the armed robbery charge of which he was later acquitted by the jury, as this caused the jury to compromise and find him guilty on the

kidnapping charge; (4) by incorrectly defining false imprisonment in the charge to the jury; (5) by giving the "dynamite" charge; and (6) by failing to give appellant's requested charge on justification as a defense.

The evidence disclosed that after striking up a conversation with Lively, Helton and appellant at a package store, the victim, Ray Duncan, went to Helton's trailer with them to listen to guitar music. However, on arrival Helton got a billy club and he and appellant, by threats, took all of Duncan's money, his watch and his car keys. Appellant went outside and Duncan's car was stripped of a CB radio, some tools, ammunition and a revolver. Duncan was then forced into his car at gunpoint and driven over a mountain, where appellant said he was going to kill Duncan. A young girl was driving the car and Duncan tried to open the door and jump out; appellant fired one shot at Duncan but hit the door post. A short time later appellant became angry and ordered the girl and Lively out of the car. Appellant got in the driver's seat and while attempting to back up, Duncan grabbed the gun and a struggle ensued; five shots were fired during the struggle but no one was injured. When the weapon was empty, both appellant and Duncan jumped out of the car and ran away.

Appellant denied forcing Duncan into the car and threatening to kill him. He testified that Duncan was drunk and appellant was trying to get him away from the trailer so he would not cause trouble. He denied shooting at Duncan in the car, but acknowledged that five shots were fired in the car during his struggle with Duncan.

1. The evidence is more than sufficient to support the verdict of kidnapping. Although appellant denied forcing Duncan into the car at gunpoint and having him driven over the mountain, the weight of the evidence and credibility of witnesses are questions for the triers of fact; this court passes on the sufficiency of the evidence, not its weight. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. State Exhibits 1 through 5 were photographs of the interior of Duncan's car showing damage from the bullets fired and damage to the front seat, which was broken when appellant and Duncan were fighting over the gun. Appellant argues that the exhibits were inadmissible because a foundation as to relevancy was not shown.

A quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter left within the discretion of the trial court. *Johnston v. State,* 232 Ga. 268, 270 (1) (206 SE2d 468) (1974).

In the instant case Duncan testified that the photographs were true and accurate representations of the damage to the interior of his car from the gunshots and the struggle. Hence, the photographs were accurate and correct representations of relevant facts and the trial court did not abuse its discretion in admitting the exhibits. *Franklin v. State,* 245 Ga. 141, 148 (3) (263 SE2d 666) (1980).

The same rules apply to the admissibility of State Exhibit 6, a photograph of the car being used by appellant and his friends when Duncan first met them at the package store. Further, the gun, CB radio and the ammunition belonging to Duncan were found in the trunk of the car depicted in the photograph. Thus, the exhibit had some probative value and was admissible. *Johnston, Franklin,* supra.

3. At the conclusion of the evidence appellant moved for a directed verdict of acquittal as to the armed robbery charge (of which he was later acquitted by the jury). Appellant contends denial of that motion was error, as it caused the jury to reach a "compromise" verdict. There is nothing in the transcript to support this contention, which amounts to nothing more than speculation by appellant as to the jury verdict.

A trial court's refusal to direct a verdict of acquittal is error only when there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978); *Lingold v. State,* 162 Ga. App. 486, 488 (1) (292 SE2d 193) (1982). In the instant case Duncan testified that appellant participated in the armed robbery; appellant denied this and testified that he was outside the trailer when the alleged robbery occurred. Since there was a conflict in the evidence and a verdict of acquittal was not demanded as a matter of law, the trial court did not err in denying appellant's motion and submitting the issue to the jury. *Sims, Lingold,* supra.

4. In its initial charge to the jury the trial court defined false imprisonment as follows: "[A] person commits false imprisonment when, and in violation of the personal liberty of another he arrests, confines or detains such person *with* legal authority." (Emphasis supplied.) Appellant contends this definition was incorrect. While we agree that the definition given initially was incorrect, OCGA § 16-5-41 (a) (Code Ann. § 26-1308), it is apparent from the transcript that use of the phrase "with authority" was a slip of the tongue. First, we note that the trial court granted appellant's written request to charge on the definition of false imprisonment and the requested charge included the phrase *"without* legal authority." (Emphasis supplied.) Secondly, after retiring for deliberation on a verdict the jury requested that the trial court repeat its definition of false

imprisonment. In granting the request the trial court gave the correct definition which included the phrase "without legal authority."

A mere verbal inaccuracy in a charge, which results from a palpable "slip of the tongue" and clearly could not have misled or confused the jury, is not reversible error. *Gober v. State,* 247 Ga. 652, 655 (3) (278 SE2d 386) (1981). Even assuming the jury may have been misled initially, any error was corrected by the trial court's recharge on the definition of false imprisonment. In fact, any emphasis would be on the correct definition given in response to the jury's request, and we find no prejudice resulting from a palpable slip of the tongue. Id. at 656.

5. After the jury had deliberated four hours on one day and over an hour on the second day, a verdict on only one of the three charges against appellant had been reached. Therefore, the trial court gave the jury the Allen charge. See Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528). Appellant contends it was error to give the Allen charge and constituted an abuse of discretion by the trial court by placing undue pressure on the jury to reach a verdict.

The language used by the trial court in its Allen charge has been approved by our Supreme Court, *Ponder v. State,* 229 Ga. 720-721 (2) (194 SE2d 78) (1972), and a review of the charge given discloses that it was not given prematurely nor was it coercive. "The decision of whether to give a jury in disagreement the 'Allen' charge is generally left in the discretion of the trial judge[,]" *Thornton v. State,* 145 Ga. App. 793, 794 (245 SE2d 22) (1978), and we find no abuse of discretion in the instant case.

6. Lastly, appellant contends that the trial court erred by refusing to give his requested charge that justification for one's conduct is a defense to a crime. While the court did not give the requested instruction in the exact language proposed by appellant, the trial court did, in fact, charge the jury on the defense of justification. The failure to give a requested charge in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal. *Kelly v. State,* 241 Ga. 190, 191 (4) (243 SE2d 857) (1978). Since the same principle as that requested was covered in the court's charge, no error occurred by refusing appellant's requested charge.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983 — ▮▮▮▮▮▮▮▮

*Hubert E. Hamilton III,* for appellant.
*David L. Lomenick, District Attorney, Herbert E. Franklin, Jr.,*

*Assistant District Attorney,* for appellee.