## 67812. SMITH v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary and appeals on the general grounds. He also contends the trial court erred by withdrawing its charge defining burglary, thereby removing that charge from consideration by the jury.

The evidence disclosed that when police responded to a silent alarm at a school in Macon, Georgia, appellant was found sitting in a hallway corner. Entry to the school had been made by removing a window air conditioner. Also, a back door had been forced open from the inside, and a bag of used clothing and a box of toys belonging to the school were outside the door. Appellant had no authority to be in the school.

1. We find the evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court withdrew its charge defining burglary, leaving the jury with no charge on the elements of that offense. This contention is not supported by the transcript.

We have examined the transcript and find the trial court correctly defined the offense of burglary in its charge to the jury. The court then started to charge on another matter, but after stating "Now, I charge you — ," the court withdrew that statement and started anew, stating: "Now, if you believe . . . ." It is abundantly clear that the trial court was not withdrawing its charge on burglary, but was re-phrasing the wording of its subsequent charge to make it appropriate to the subject matter of that charge. At most, the trial court made a slip of the tongue, and a mere verbal inaccuracy in a charge resulting from a slip of the tongue, which clearly could not have mis-

led or confused the jury, is not reversible error. *Caldwell v. State,* 167 Ga. App. 692, 695 (4) (307 SE2d 511) (1983).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 6, 1984.

*Carl J. Wilson, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, George F. Peterman III, Assistant District Attorney,* for appellee.