### 72917. EXLEY v. THE STATE.
(350 SE2d 829)

BEASLEY, Judge.

Exley appeals her conviction and sentence for the offense of theft by conversion, OCGA § 16-8-4, and the denial of her motion for new trial.

1. Appellant raises the general grounds and the denial of her mo-

tion for new trial which was based solely on the general grounds. She maintains that the only authority for persuading the jury of her guilt for theft by conversion was the "conjecture" that funds were missing from the trust account of the Small Claims Court, later known as the Magistrate's Court, of Effingham County combined with the knowledge that she, as clerk and secretary of the court, had records of personal deposits which exceeded her salary. She argues that "[t]he evidence, and all reasonable inferences thereon, negate the essential element of intent."

" 'Our responsibility on appeal is not to weigh the evidence and give a de novo opinion as to the weight of the evidence but merely to determine if there is sufficient evidence to authorize the trial court's judgment' [Cit.]" when that evidence is "viewed in the light favorable to the verdict." *Thomas v. State,* 173 Ga. App. 810, 812 (2) (328 SE2d 422) (1985). In this case we have the added persuasiveness of the "thirteenth juror's" judgment, by way of the trial judge's discretion-based denial of the motion for new trial. *Barnes v. State,* 175 Ga. App. 621, 623 (1) (334 SE2d 205) (1985), reversed in part on other grounds 255 Ga. 396 (339 SE2d 229) (1986).

The evidence at trial construed so as to uphold the verdict established the following: As the clerk of the small claims court, Exley was responsible for virtually all of the clerical and banking duties of the court, including record keeping, bookkeeping, check writing, bank depositing, etc. The court physically occupied one room in the courthouse and the staff consisted of a judge, appellant as clerk, and a part-time constable who for part of the time period in question was Exley's husband.

The auditor for the county testified that in auditing the court books, he found receipts had been posted in the ledger but not actually deposited at the bank, and that "some of the items had not been actually paid out that was, had been collected. The cards had been posted as being collected and the checks had not been made and payment had not been made to the individuals that it was owed to." He further testified of numerous instances in which money was paid by check into the court and the checks were endorsed and cashed by appellant, and that at his request, appellant returned some missing court receipt books but that appellant was unable to produce some of the missing receipt books. After the audit, the accountant found there was a shortage of $33,737 from the court registry.

There was evidence that appellant deposited to her bank accounts thousands of dollars in cash in addition to salary checks for herself and her husband, which sums far exceeded their incomes and for which appellant could not account to the investigators. A G.B.I. "income-outgo analysis" of the income of all the court's personnel during the period of the shortage, i.e., the judge, appellant, and her

husband, revealed that the judge's banking records were consistent with his known income but that the income records of the Exleys far exceeded their only verified income.

The evidence was sufficient to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also complains that the trial court failed to charge the jury on the principle of equal access to the premises (court's quarters) and on the existence of the potential for defendant's civil liability for conversion.

No argument is presented as to the first, so it is deemed abandoned. Court of Appeals Rule 15 (c) (2).

As to the second, defendant did not protest below the failure to give the charge she now argues was improperly omitted. She never requested it in the first place, she never objected or suggested it at trial when the court asked counsel whether anything further came to mind that should be charged, and although the court recognized her right to reserve objections, she did not raise it in the motion for new trial. Since she never requested this non-essential charge, she cannot complain. OCGA § 5-5-24; see *Sosebee v. State*, 169 Ga. App. 370, 372 (6) (312 SE2d 853) (1983).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1986.

*Robert S. Lanier, Jr.*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.