## A90A1417. TCHORZ v. THE STATE.
(397 SE2d 619)

SOGNIER, Judge.

Louis W. Tchorz was convicted in a bench trial of the offense of theft by conversion, and he appeals.

The evidence adduced at trial showed that appellant, a licensed insurance agent, was the proprietor of the Lou Tchorz Insurance

Agency in Columbia County on May 18, 1989, when Samuel Jones completed an application for automobile insurance to cover a 1987 Chevrolet Celebrity. Jones listed the applicant as Cora Jones, his wife, and signed her name, paying appellant $443 in cash for the first year's premium. The application showed the effective date of the policy as May 26, 1989. At Jones' request, appellant filled in by hand a blank Georgia liability insurance identification card provided by Cotton States Insurance Company referring to policy #001006437, as though such a policy had been issued, and informed Jones the policy would be mailed to him. When the policy was not received and Jones began inquiring when it would arrive, appellant informed him that he had not written the insurance with Cotton States but with Omni Insurance Company. Jones testified he telephoned and visited appellant numerous times because he and his wife became concerned about not receiving the policy, but appellant either was not in or kept putting him off. On August 25, 1989, Jones and his wife swore out a warrant for appellant's arrest. The State also called as a witness David Peters, a representative of Omni, whom it had subpoenaed, but Peters was not present and did not testify.

Appellant testified that he deposited the cash given him by Jones in his business account and sent his own check to Omni along with Jones' application; that he telephoned Omni's home office in Atlanta on two occasions in June, and was told first that the policy was in "underwriting," and then that Omni was having difficulty locating a document.

Appellant contends the elements of the crime of conversion were not shown because the State failed to prove that appellant appropriated to his own use the cash given him by Jones. We agree and reverse. "A person commits the offense of theft by conversion when, having lawfully obtained funds . . . of another . . . under an agreement or other known legal obligation to make a specified application of such funds . . . he knowingly converts the funds . . . to his own use in violation of the agreement." OCGA § 16-8-4 (a).

"[P]roof of conversion vel non lies in the explanation or failure to explain proved discrepancies between amounts received and disbursements going toward the completion of the contract." *Baker v. State*, 131 Ga. App. 48, 51 (1) (205 SE2d 79) (1974). In the case at bar, although it is uncontroverted that no policy was issued to the Joneses, appellant testified that he properly applied the cash given him by Jones to the purpose for which it was intended. Appellant's testimony stood uncontradicted by any evidence proffered by the State. There was thus no discrepancy between the amount received by appellant and the disbursement made by him going toward the completion of the contract. The State did not prove that Omni never received appellant's check, or that no such check was written according to appel-

lant's own records. We find that absent such evidence and given appellant's uncontradicted testimony that he properly applied the cash, notwithstanding the fact that appellant may have acted improperly or even suspiciously by issuing a Cotton States insurance identification card on a policy which did not yet exist and evading Jones' questioning, the State failed to prove an essential element of the charged crime. Accordingly, appellant's conviction must be reversed. See *Baker v. State*, 135 Ga. App. 500, 501 (218 SE2d 171) (1975).

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 5, 1990.

*Stephen E. Shepard*, for appellant.
*Michael C. Eubanks, District Attorney, Hugh M. Hadden, Assistant District Attorney*, for appellee.