## A92A2222. BARRETT v. THE STATE.
(427 SE2d 845)

COOPER, Judge.

After a bench trial, the trial court found appellant guilty of theft by conversion. In his sole enumeration of error, appellant challenges the sufficiency of the evidence to support this finding.

Evidence presented at trial, viewed most favorably to support the verdict, showed that appellant rented equipment from a video rental store on a Friday. Pursuant to the rental agreement, he was to return it to the store the following Monday. He did not return the equipment, and the store was unable to contact him. Even after appellant was served with a criminal warrant, he did not contact the store. The store owner, the State's only witness, acknowledged that she had no idea where the equipment was at the time of trial. Appellant testified that he rented the equipment to use with a neighbor and that the neighbor said he would return it on Monday because the store was on his way to work. Appellant stated that he has not seen the neighbor since and that he was not aware the equipment had not been returned until he was served with the warrant. The trial court disbelieved appellant's testimony and found him guilty of theft by conversion.

"A person commits the offense of theft by conversion when, having lawfully obtained . . . property of another . . . under an agreement . . . to make . . . a specified disposition of such property, he knowingly converts the . . . property to his own use in violation of the agreement. . . ." OCGA § 16-8-4. The purpose of this statute is to punish fraudulent conversion, not breach of contract, and it is the requirement that the State prove fraudulent intent that prevents the statute from being unconstitutional. *Smith v. State*, 229 Ga. 727 (194 SE2d 82) (1972). "It is the presence of a fraudulent intent '. . . that distinguishes theft by conversion from a simple breach of contract.' [Cit.]" *Baker v. State*, 143 Ga. App. 302, 303 (2) (238 SE2d 241) (1977). While acknowledging that he violated his agreement with the store by failing to return the equipment, appellant contends the evidence was insufficient to establish that he knowingly converted the equipment to his own use with fraudulent intent. We agree. The State established only that appellant rented equipment and failed to return it. It presented no evidence regarding what happened to the equipment and failed to show that appellant knowingly and with fraudulent intent appropriated it for his own use. The State suggests that the required scienter can be inferred from appellant's failure to return the equipment. However, to allow criminal intent to be inferred from nothing more that the fact of the breach would undermine the crucial distinction between fraudulent conversion and breach of contract made in *Smith* and *Baker*, supra, and would possibly render this criminal statute unconstitutional. See *Smith*, supra at 728-729. Be-

cause the State failed to prove an essential element of the charged crime, appellant's conviction must be reversed. See *Tchorz v. State*, 197 Ga. App. 185 (397 SE2d 619) (1990).

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 16, 1993.

*Donna L. Avans*, for appellant.
*Donald E. Moore, Solicitor*, for appellee.