A93A1182. COTTRELL v. THE STATE.
(435 SE2d 272)

BLACKBURN, Judge.

Following a bench trial, the appellant, Steve Cottrell, was convicted of theft by conversion. On appeal, his sole contention is that the evidence was insufficient to support his conviction.

In late January 1990, Cottrell approached Herschel Elrod with a plan to buy a quantity of truck tires for $2,000 and then resale them for $6,000, with the two men splitting the profits. Elrod, who owned

and operated a tire business, had to advance Cottrell the $2,000 to purchase the tires, but he was to be repaid this initial investment before the profits were divided. On January 25, 1990, he gave Cottrell a check for that amount but left the name of the payee blank, because Cottrell told him that he was not sure who would be bringing the tires and thus did not know what name to put on the check. Elrod testified that Cottrell assured him that there would be no problem with the other party accepting Elrod's check.

Elrod also stated that Cottrell has represented that he already had a purchaser for the tires, and that part of the deal was for Elrod to use his company's truck to deliver the tires. However, two or three weeks went by and Cottrell never returned with his money or the tires. When Elrod subsequently received his bank statement, he discovered that Cottrell's mother had endorsed the check, which had been made out to "Cash." Cottrell's mother testified that she had gone to her bank and cashed the check for her son without receiving any explanation from him.

Cottrell testified that he had his mother cash the check because the man from whom he was to purchase the tires wanted cash payment. Regarding the sales transaction, he stated that he then met an individual named Charlie Peters at a little league ball park in Greensboro and gave him the $2,000 cash for the tires, but Peters never delivered the tires. After a warrant had been sworn out against Cottrell for the theft charge, Cottrell located Peters but was unable to collect the money from him. During direct examination, Cottrell stated that he had sworn out a warrant against Peters, but on cross-examination he contradicted himself on that point. Also during cross-examination, Cottrell initially stated that when he received the $2,000 check from Elrod, he did not know the name of the individual from whom he was to buy the tires, but later admitted that he had known the individual's name at that time.

OCGA § 16-8-4 (a) provides that "[a] person commits the offense of theft by conversion when, having lawfully obtained funds or other property of another . . . under an agreement or other known legal obligation to make a specified application of such funds or a specified disposition of such property, he knowingly converts the funds or property to his own use in violation of the agreement or legal obligation." " '(P)roof of conversion vel non lies in the explanation or failure to explain proved discrepancies between amounts received and disbursements going toward the completion of the contract.' [Cit.]" *Tchorz v. State*, 197 Ga. App. 185, 186 (397 SE2d 619) (1990).

In the instant case, Cottrell contends that the evidence failed to prove that he converted the money given to him by Elrod for the purchase of tires. In support of his contention, he relies upon his own testimony that he actually paid the entire $2,000 to the individual

named Charlie Peters for that purchase. However, the trier of fact determines the credibility of the testimony presented, and may accept or reject the testimony of any witness. *Brantley v. State*, 190 Ga. App. 642 (2) (379 SE2d 627) (1989). Cottrell's credibility was placed in question not only by Elrod's testimony, but by the inconsistencies in Cottrell's own testimony. Specifically, considering Cottrell's self-contradiction regarding his knowledge of Peters' identity at the time he obtained the blank check from Elrod and his seeking charges against Peters, along with Cottrell's having assured Elrod that there would be no problem with the third party accepting his check, and then proceeding instead to have his mother present the check at her bank for cash, the trial court had sufficient reason to reject Cottrell's version of what transpired in the case.

"It is the presence of a fraudulent intent '. . . that distinguishes theft by conversion from a simple breach of contract.' [Cit.]" *Baker v. State*, 143 Ga. App. 302, 303 (238 SE2d 241) (1977). The evidence established the presence of such an intent in this case. Viewing that evidence in the light most favorable to the verdict, we conclude that it was sufficient to authorize a rational trier of fact to find Cottrell guilty beyond a reasonable doubt of theft by conversion as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 18, 1993.

*Donna L. Avans*, for appellant.
*Timothy G. Madison, District Attorney, Jeffery G. Morrow, Assistant District Attorney*, for appellee.

