## A93A1585. SCARBER v. THE STATE.
### (439 SE2d 83)

SMITH, Judge.

Scott Scarber was indicted for felony theft by conversion and convicted of misdemeanor theft by conversion. OCGA §§ 16-8-4; 16-8-12. His motion for new trial was denied, and he appeals, contending in his sole enumeration of error that the evidence was insufficient to support the conviction. We agree and reverse.

Thomas, the State's only witness at trial, testified that she knew Scarber, who is in the furniture refinishing business. He had done work for her and her former husband, but she also had a personal relationship with him. Scarber agreed to sell several pieces of antique furniture for Thomas, and she testified that she was to receive $500 from the sale of the furniture. After Scarber, with her assistance, took the furniture to his shop, Thomas did not hear from him for some unspecified time. According to Thomas, Scarber assured her that he would pay her the money, but when she visited his shop "he would never be there." Thomas testified that she spoke with Scarber's employees, but a hearsay objection as to what they told her was sustained. After speaking to the employees and a furniture dealer on U. S. Highway 41, she swore out a warrant against Scarber. Neither Scarber's employees nor the furniture dealer testified, and Thomas did not testify to the content of those conversations.

OCGA § 16-8-4 is intended to punish fraudulent conversion, not breach of contract, and in order to avoid the constitutional prohibition against imprisonment for debt, the State must prove fraudulent intent. *Smith v. State*, 229 Ga. 727 (194 SE2d 82) (1972). The statute cannot properly be employed in the enforcement of civil contract rights. *Baker v. State*, 135 Ga. App. 500, 501 (218 SE2d 171) (1975).

In the recent decision of *Barrett v. State*, 207 Ga. App. 370 (427 SE2d 845) (1993), this court reversed a conviction for theft by conversion under very similar circumstances. In *Barrett*, the defendant rented equipment from a store and failed to return it. The store was unable to contact him, even after he was served with a criminal warrant. We held that this evidence was insufficient, because "[the State] presented no evidence regarding what happened to the equipment and failed to show that appellant knowingly and with fraudulent intent appropriated it for his own use." Id.

Here, as in *Barrett*, there was no evidence of what happened to Thomas's furniture or her money, or why; nor was there evidence of Scarber's involvement in their ultimate disposition. The jury cannot

properly infer fraudulent intent from the mere fact that Thomas had conversations with persons who did not testify, conversations as to which nothing is known beyond Thomas's testimony that they affected her decision to swear out a warrant. Nor can the jury infer fraudulent intent from the witness's belief that Scarber was "putting [her] off." *Tchorz v. State*, 197 Ga. App. 185, 186 (397 SE2d 619) (1990).

In the absence of competent admissible evidence beyond the fact of a breach of contract, showing conversion of the property to Scarber's own use, the State failed to prove an essential element of the offense charged, and Scarber's conviction must be reversed.

*Judgment reversed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Cooper and Johnson, JJ., concur. Blackburn, J., concurs specially. Beasley, P. J., and Andrews, J., dissent.*

BLACKBURN, Judge, concurring specially.

I concur fully with the majority opinion. I am compelled to address the dissent's discussion regarding shifting of the burden of proof.

It is important to note that Scarber obtained Thomas's furniture for sale on consignment, i.e., once the furniture was sold, Thomas was to receive $500 from the proceeds. Further, no evidence was presented by the State that the furniture was, in fact, sold or disposed of in any unlawful manner. The dissent quotes *Baker v. State*, 143 Ga. App. 302, 304 (2) (238 SE2d 241) (1977), for the rule that the burden of proof shifts to the defendant to " 'create a reasonable doubt as to his lack of intent,' " after the State has made out a prima facie case of conversion. However, in order to make out a prima facie case of conversion the State must prove that the defendant knowingly converted the property to his own use. OCGA § 16-8-4 (a). Further, "[i]t is the presence of a fraudulent intent [that] distinguishes theft by conversion from a simple breach of contract." (Citation and punctuation omitted.) *Baker v. State*, 143 Ga. App. 302, 303 (2) (238 SE2d 241) (1977). In the present case, the State failed to present any evidence that the property was converted to the defendant's use, much less that it was converted with fraudulent intent. Therefore, having failed to present a prima facie case, the burden never shifted to Scarber.

Additionally, while the dissent purports to recognize Scarber's constitutional right not to testify, it imposes upon him the duty to explain the whereabouts of the property against him which imposition unconstitutionally shifts the burden of proof to the defendant. The dissent points out that in *Barrett v. State*, 207 Ga. App. 370 (427 SE2d 845) (1993), relied upon by the majority, the defendant testified and accounted for his failure to return the property. First, as shown by our disposition of *Barrett*, the defendant's explanation is irrele-

vant when the State has failed to prove a prima facie case of conversion. Second, such an explanation is completely unnecessary in the present case where the State failed to make a prima facie case of conversion of the subject property against Scarber.

BEASLEY, Presiding Judge, dissenting.

Reviewing the evidence in the light most favorable to the jury's verdict, a rational trier of fact could have found Scarber guilty of the misdemeanor theft by conversion beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"A person commits the offense of theft by conversion when, having lawfully obtained . . . property of another . . . under an agreement . . . to make . . . a specified disposition of such property, he knowingly converts the . . . property to his own use in violation of the agreement. . . ." OCGA § 16-8-4 (a).

The evidence was undisputed that defendant took the victim's furniture, which she and her husband had bought about two years previously for about $1,500, and was to give her $500 of the proceeds of the sale of it within two or three weeks. She needed the money for rent and a car payment.

She started checking up on it after defendant stopped coming to her home, as had been his custom. The money was not forthcoming as agreed, even though defendant kept promising it to the victim. Whenever she would go to his furniture refinishing shop to get it, he would not be there; only his employees would be present. She did not see her furniture in his shop and talked to his employees about it. That prompted her to go to a certain antique dealer, and based on what she learned there, she swore out a warrant on August 25, 1991. The case was tried a year-and-a-half later, on February 16, 1993.

Defendant never offered an explanation to the victim of what he had done with her furniture or, if he sold it, with the promised proceeds. Despite his repeated promises to pay her the amount of the proceeds for its sale which he had agreed upon, and her frustrated efforts to collect, she was met only with silence.

This, along with the reasonable inferences which could be drawn, is sufficient to find knowing conversion. Were it a simple matter of breach of contract, which according to *Smith v. State*, 229 Ga. 727 (194 SE2d 82) (1972), is to be distinguished, it would be reasonable to expect an explanation to the owner of the furniture. Total failure to communicate in these circumstances or to respond to the victim's efforts to contact him, in the absence of any reason not to, evinces a criminal intent. *Baker v. State*, 143 Ga. App. 302, 304 (2) (238 SE2d 241) (1977). See also *Lingold v. State*, 162 Ga. App. 486, 487 (1) (292 SE2d 193) (1982).

*Baker* is cited in *Barrett v. State*, 207 Ga. App. 370 (427 SE2d

845) (1993), the recent decision compared by the majority with this case. In *Barrett*, defendant accounted for the victim's property and his failure to return it, albeit not until he testified at trial. He also explained why he had not accounted for it earlier. Scarber was not required to testify, of course, because he had a constitutional right not to do so and the jury could not infer anything from it, as the court properly charged. But here there is evidence that defendant had never accounted to the victim for her property or the proceeds from its sale, if there was such.

The court charged the jury on the elements of the crime, the necessity for a finding of criminal intent, and the distinction between fraudulent conversion and breach of contract. As pointed out in *Baker*, supra, "The presence of criminal intent is a factual issue for the jury's resolution," citing what is now OCGA § 16-2-6. The statute provides that the factfinder "may find [criminal] intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."

The jury could find that there was more than a mere breach of contract. The trial court, as the "thirteenth juror," *Exley v. State*, 180 Ga. App. 821, 822 (1) (350 SE2d 829) (1986), denied the motion for new trial, one of the grounds for which was that the evidence was insufficient. He did not find it so and neither do I.

I am authorized to state that Judge Andrews joins in this dissent.

DECIDED DECEMBER 3, 1993.

*T. Neal Brunt*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.