A98A1081. THOMPSON v. THE STATE.
(505 SE2d 535)

SMITH, Judge.

This appeal involves the issue of the intent required to violate OCGA § 16-8-15, conversion of payments for real property improvements. Fred Thompson III was indicted in Dodge County for violating that statute. He was found guilty after a bench trial, and his motion for new trial was denied. Thompson contends on appeal that the statute requires specific intent to defraud, contrary to the trial court's ruling, and that the State failed to prove that intent beyond a reasonable doubt. We agree, and we reverse Thompson's conviction.

The evidence presented at trial showed that the owner of a building in Eastman was remodeling the building for a restaurant and hired Thompson to perform stucco work. He paid Thompson in full for the labor and materials. He had no complaint with Thompson; the work was done. No dispute exists that, to do the work, Thompson arranged with Joe Yearty, Jr., a ceiling contractor, to have Yearty purchase the materials needed for the stucco work. He did this because Yearty had an account at a building supply store, and Thompson did not. Yearty purchased the materials and delivered them to Thompson. The dispute arose between Yearty and Thompson when Thompson refused to pay Yearty for the materials, claiming he was setting off a debt Yearty owed him for work Thompson performed for Yearty on a previous job.

OCGA § 16-8-15 (a) provides, in pertinent part, that "[a]ny . . . contractor . . . who with intent to defraud shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor or service performed on or materials furnished by his order for this specific improvement while any amount for which he may be or become liable for such labor, services, or materials remains unpaid commits a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than five years or upon the recommendation of the jury or in the discretion of the trial judge, punished for a misdemeanor. . . ."

The trial court recognized that this case was "akin . . . to a civil action," and that "[s]ometimes it's a difficult matter to decide what is properly in criminal court and what is properly in civil court." But the trial court reasoned that Thompson was guilty of violating the statute because "it is not the fact Mr. Thompson intended to violate the criminal statute that he is charged with but that he intended to do the act which happens to be against the law. That's the intent that's required." The trial court erred. It is clear that OCGA § 16-8-15 requires not only the general intent required in all criminal statutes but also a specific intent to *defraud*.

Subsection (b) of the statute provides that "[a] failure to pay for material or labor furnished for such property improvements shall be prima-facie evidence of intent to defraud." But the presumption created by the statute is a permissive presumption, not a conclusive one. *State v. Hudson*, 247 Ga. 36, 38 (273 SE2d 616) (1981). "[T]he duty still devolved upon the state to prove every element of the crime charged beyond a reasonable doubt," id., including the specific intent to defraud. We cannot agree that it did so.

Both Yearty and Thompson testified that Thompson believed Yearty owed him money. Thompson testified unequivocally that he withheld payment from Yearty as "an off-set bill" and that it was never his intention to steal. As the trial court stated, it is indeed difficult sometimes to discern whether a particular matter is civil or criminal. In this case, however, the trial court erred as to the intent required by the statute. And because we conclude, notwithstanding the statutory presumption, that the required specific intent was not proved by the State beyond a reasonable doubt, Thompson's conviction must be reversed.

*Judgment reversed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 7, 1998.

*Straughan & Straughan, Mark W. Straughan,* for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney,* for appellee.