## A05A2051. COX v. THE STATE.

(622 SE2d 11)

PHIPPS, Judge.

Robert Cox appeals his conviction of felony theft by conversion. He challenges the sufficiency of the evidence. Finding no merit in the challenge, we affirm.

Cox operated an insurance agency in Long County. Richard Winters purchased automobile insurance through him. In March 2002, Winters gave Cox $1,063 in cash to make his next premium payment. At Winters's request, Cox provided a payment receipt. Several months later, Winters received a notice from his automobile insurer that his policy was being cancelled for nonpayment of the premium. After ascertaining that the insurer had never received his premium payment, Winters went to Cox's Long County office and found that Cox had abandoned the office without notifying the landlords; Winters was informed that Cox had established another office in McIntosh County. Winters left telephone messages for Cox at the McIntosh County office, but Cox failed to return his calls. Winters went to McIntosh County to find Cox, but was unable to do so. Winters then pressed criminal charges against Cox in Long County.

"A person commits the offense of theft by conversion when, having lawfully obtained funds ... of another ... under an agreement or other known legal obligation to make a specified application of such funds . . . he knowingly converts the funds . . . to his own use in violation of the agreement or legal obligation."[1] Cox argues that all elements of the crime of theft by conversion were not shown, because the state failed to prove that he appropriated to his own use the cash Winters gave him.

"Proof of conversion vel non lies in the explanation or failure to explain proved discrepancies between amounts received and disbursements going toward the completion of the contract."[2] "There is no question that [Cox] received the money."[3] And from the state's evidence, it appears without contradiction that Cox did not use the money for the specified purpose, i.e., to pay Winters's automobile insurance premium.[4] The evidence shows that, instead, Cox abandoned his insurance office without notifying Winters. Although he purportedly established an office in another town, he failed to return

---

[1] OCGA § 16-8-4 (a).

[2] *Tchorz v. State*, 197 Ga. App. 185, 186 (397 SE2d 619) (1990) (citation and punctuation omitted).

[3] *Sinyard v. State*, 243 Ga. App. 218, 220 (1) (531 SE2d 140) (2000).

[4] Compare *Tchorz v. State*, supra (defendant, an insurance agent who had been given money to make a premium payment, testified without contradiction that he forwarded the payment to the insurance company, even though the insurer did not receive it).

Winters's telephone calls, and Winters was unable to find him in that town. That evidence was sufficient to authorize the jury to infer that Cox fraudulently converted the money to his own use.[5]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 23, 2005 —
RECONSIDERATION DENIED OCTOBER 18, 2005 — ■

*Brandon S. Clark, James C. Bonner, Jr.,* for appellant.
*Tom Durden, District Attorney, Henry P. Smith, Assistant District Attorney,* for appellee.

---

[5] See generally *Tukes v. State*, 250 Ga. App. 117 (1) (a) (550 SE2d 678) (2001) (defendant took money from victim under guise of selling her a car but never delivered the car or returned the money; evidence was introduced showing prior, similar dealings between defendant and others); *Sinyard v. State*, supra (defendant refused to return money solicited from victim for investment purposes through promises of outlandishly high returns and without standard paperwork evidencing an investment); compare *Scarber v. State*, 211 Ga. App. 260 (439 SE2d 83) (1993) (defendant had been given furniture to sell on consignment and failed to remit money to consignor, but no evidence was presented showing that furniture was in fact sold); *Barrett v. State*, 207 Ga. App. 370 (427 SE2d 845) (1993) (defendant who had failed to return video rental equipment testified without contradiction that he had given the equipment to a neighbor to return).